### Daniel Delavan v. Jonas C. Baldwin.

MOTION by the defendant, to change the venue from the city and county of *New-York*, to *Onondaga*.

In *November* last, at which time the plaintiff was entitled to enter a default for want of a plea, notice of a similar motion was given, but from the papers not having been received in season by the agent of *Baldwin's* attorney, the application was not then made.

In *April* a plea of the general issue was given and re- ceived.

*Munro,* contra. The defendant is too late.

KENT, C. J. I am of opinion the venue ought to be changed as there has been no loss of trial, and there will be no delay. This I think ought to be the regulating principle, as these applications are to the discretion of the court.

LIVINGSTON, J. I am against departing from the practice, by which defendants are restricted from making these motions after plea pleaded. Nor do I think there is a sufficient reason for not having asked for this favour in *November* last. But what weighs greatly with me is, that the application is on the eve of a circuit, and may impose rather hard terms on the plaintiff.

SPENCER, J. I concur in the sentiments of my brother *Livingston.*

THOMPSON, J. The only difficulty in my mind, was with regard to this request being after issue joined, subsequent to which, all increase of expenses ought, if possible, to be avoided. But as no delay will be created, I think we ought to grant the rule, and had the plaintiff shown any hardship likely to arise from it, we might have imposed such terms as to prevent any injury. The *laches* I consider to have been entirely waived by accepting a plea.

May Term,
1805.

Tompkins, J. That is the opinion I entertain. When a plaintiff receives a plea which he is not obliged to take, he cures the antecedent *laches*. I agree therefore with the Chief Justice and Mr. Justice *Thompson*.