## *Ex parte* SANDERS.

H. MARKELL, moved for a *mandamus* to the commissioners of highways of the town of Minden, in Montgomery county, commanding them to open and improve a road laid out by three of the Judges of the Court of Common Pleas of that county. A certiorari had been brought upon the determination of the Judges, which was affirmed in this Court. On the petition of sundry inhabitants of Minden, to discontinue the *whole* road, the three Judges of the Common Pleas had discontinued a *part* of it; and from their determination a certiorari was brought, and is now pending in this Court. The object of the motion was to compel the commissioners to open and improve the part not discontinued.

*J. W. Cady & S. M. Hopkins*, contra, insisted that though the Judges had decided upon only a part of the road, yet the

A public highway having been laid out by three judges of the common pleas. on a petition to discontinue it, they discontinued only a part, and certiorari was. brought from their decision; *held*, that the certiorari did not suspend proceedings as to that part of the road which they had not directed to be discontinued,

but that the commissioners were bound to go forward and open this part.

And a mandamus to compel them to do this was granted, notwithstanding the certiorari.

certiorari went to the whole, and suspended all proceedings of the commissioners till it should be passed upon. The 37th section of the act to regulate highways, (2 R. L. 282,) gives the Judges a right to proceed upon petition only; and they must grant an *entire* discontinuance of the road when the petition prays this. Nothing was said in the petition about an alteration of the road; and when the statute speaks of *discontinuance*, it means a total one. It is to correct the error of partially discontinuing, and extend the effect of the petition to the whole road, that the certiorari is brought. Being before the Court in this form, they will not interfere by mandamus.

*Platt*, in reply, denied that the Judges were confined to the petition, or bound to discontinue *in toto*. The section referred to, expressly gives them the right to *alter* the road, which is equivalent to saying that they may partially discontinue it. But suppose they did exceed their jurisdiction, then the old road, as first laid, remains in force *quoad hoc*. It is the part only which remains untouched that we seek to open.

*Curia.* Clearly the certiorari can have no effect upon the part not embraced in the decision of the Judges. As to this, the commissioners are bound to proceed. Should the determination of the Judges be reversed, *non constat* that any part of the road would then be discontinued. The necessary effect of the reversal would by no means be to discontinue the whole road; on the contrary, it might result in a confirmation of the whole.

Motion denied.