UNITED STATES *ex rel.* SMITH, sup't, VS. DISTRICT
COURT OF MILWAUKEE COUNTY.

CHANGE OF VENUE. Under the act of January 9, 1840, amending Wisconsin statute of 1839, concerning the supreme and district courts, the venue of a cause may be changed more than once, and as often as either party shall satisfy the court that either of the causes enumerated in the statute therefor exists. MILLER, J., *dissenting.*

This was an application by John Y. Smith, superintendent of territorial property, as relator, for a peremptory writ of mandamus against the district court of Milwaukee county, to command it that it proceed with the trial, and to final judgment of said court, in an action in favor of the Territory of Wisconsin and against James D. Doty, John F. O'Neill and Augustus A. Bird, in a plea of trespass on the case.

The facts are stated in the opinion of the court.

*Moses M. Strong*, for relator.

DUNN, C. J. On this application all the preliminary steps are agreed to have been properly taken, and that the answer of the district court of Milwaukee county, as respondent, presents to the consideration of this court the question, whether it had and should have exercised jurisdiction in the case of The Territory of Wisconsin against James D. Doty, John F. O'Neill and Augustus A. Bird, in an action on the case, and from the district court of Walworth county to the said district court of Milwaukee county, on change of venue, allowed on application of the plaintiffs ; it appearing in the record of the case, that one change of venue had previously been granted in the same case, on application of defendants, by the district court of Iowa county to the said district court of Walworth county.

This question involves the construction of the tenth section of the "Act to amend an act of the statutes of 1839, entitled 'An act concerning the supreme and district courts,'"

providing for a change of venue in civil causes. This section provides: "If either party, in any civil cause, in law or equity, which may be pending in any district court in this Territory, shall fear that he will not receive a fair trial in the county in which such cause is pending, on account that the judge is interested or prejudiced, or is related to, or shall have been of counsel for either party, or that the adverse party has an undue influence over the minds of the inhabitants of the county where the action is pending, or that the inhabitants of such county are prejudiced against the applicant, or that a large number of the inhabitants of such county have an interest in the question involved in such suit, adverse to the applicant, so that he cannot expect a fair trial, such party may apply to the court, in term time, or to any judge in vacation by petition, setting forth the cause of application, and praying a change of venue, accompanied by an affidavit verifying the facts in the petition stated; and such court or judge, reasonable notice of the application having been given to the opposite party or his attorney, *shall*, if satisfied of the truth of the allegations, award a change of venue to some county where the causes complained of do not exist; and in all cases where the judge is interested, or is related to, or has been of counsel for either party, the court in term time, may award a change of venue as aforesaid in their discretion, without any application from either party."

The eleventh section provides that: "The district court of the county to which said cause or matter shall be sent for trial, shall proceed to trial in the same manner, and to give judgment and award execution, as though the said cause had not been removed."

The tenth section, and part of the eleventh section quoted, are all of the act which bear upon the question before the court. With these provisions of the statute before us, we are called upon to decide whether more than one change of venue can be allowed in the same cause.

It is clear that the number of changes is not limited in

express terms.    Then, do the spirit, intent and meaning of the provisions referred to limit the number of changes?

We are of opinion that the change is only limited when the legal cause therefor ceases to exist.    Whenever a party, in any cause, can satisfy the court, or judge in vacation in the manner prescribed by law, that one of the causes for change of venue expressed in the tenth section really exists, it becomes imperative on the court or judge in vacation to order a change of venue to a county where such cause does not exist.    A construction, that only one change is allowed, makes the law unmeaning and odiously partial.    All the benefits would be extended to one party, probably the more cunning, and the other would be entirely excluded, when the law expressly provides, that *either* party shall have the advantages of a change, upon making out satisfactorily to the court or judge, one or more of the causes specified in the tenth section.    If we determine the changes by any other rule than the real existence of the causes designated in the law, then we make it, what the legislature certainly never intended, a partial and unequal law, giving to the cunning an advantage over the plain, unsuspecting party.    The first applicant derives all the benefit of the law, and the other, for whose equal protection it was made, may be seriously injured by being compelled to submit the trial of his rights to a prejudiced or interested court and jury, without remedy or relief.    A learned justice has said that "this power is discretionally exercised, so as to prevent, and not to cause, a defect of justice."    3 Black. Com. 294.

We will suppose that the plaintiff in a cause pending, applies for a change of venue to some other county, upon proper ground, made out to the satisfaction of the court or judge in vacation, and the venue is changed to another county ; and when the cause is called for trial, the judge suggests that he is interested with the plaintiff in the cause, or is related to him, or has been of counsel for him, in the identical matter in dispute.    The judge of the court cannot exercise the discretion vested in him

in such cases by the provisions of the tenth section, for this construction says there has been one change and you must try the cause. The defendant cannot object, although the law says he may, for the same construction says there has been one change of venue, not on your application it is true, but there having been one in the cause, you must now submit to have your rights investigated and decided on principles of law expounded by a judge whose interest is adverse to yours, and identical with that of the plaintiff; or a judge who is related to the plaintiff, or a judge who has been of counsel for the plaintiff in the very matter now in litigation between you and the plaintiff.

A construction which would operate so oppressively on one party, and impose upon an upright judge the necessity of trying a cause against every feeling of delicacy and propriety, is certainly not sustained by the spirit, intention and obvious meaning of the act.

No change of venue can be allowed, without a sufficient legal cause, made to appear satisfactorily to the court or judge in vacation. The want of a cause known to the law is the only restriction which we can recognize in the provisions of the law referred to in this opinion.

We think it would have been sound policy in the legislature to have restricted the changes to one in favor of each party, on application, leaving the change at the discretion of the judge (as we now understand it to be), without limit, when either of the causes enumerated exists.

It is not the province of courts to legislate, however, but to pronounce what they understand to be the law.

It is insisted that the provisions in the eleventh section required the judge of the district court of Walworth county imperatively to proceed and try the cause. We do not so understand this provision of the law. The district court of Walworth was "required to proceed to trial, in the same manner, and to give judgment and award executions, as though the said cause had not been removed." The obvious meaning of this provision

is to place the cause in the district court of the county to which the venue is changed, precisely as though it had originated there, to be proceeded in as other causes in the court, without restriction or limit upon any of the legal rights of either party.

The court to which the application for a change of venue is made must be satisfied of the truth of the allegations upon which the application is based, and herein consists the security against abuse, or causeless change of venue. The application may be made too late, under the rules and practice of the court, for a party may waive his right, by taking other steps in his cause. These are matters of consideration for the court applied to, and after due consideration and an order of change to another county, jurisdiction of the cause immediately attaches to the district court of that county.

We are therefore, of opinion that the said district court of Milwaukee county should have entertained jurisdiction of the said action on the case by the Territory of Wisconsin against James D. Doty, John F. O'Neill, and Augustus A. Bird ; and do hereby order and direct that a peremptory writ of mandamus do issue from this court directed to the district court of said Milwaukee county, commanding said court to " proceed to the trial of said cause in the same manner, and to give judgment and award execution as though the said cause had not been removed."

Miller, J., *dissenting*. The complainant sets forth, that on the 24th of July, 1839, a suit was commenced in the district court of Iowa county, in favor of and in the name of the Territory of Wisconsin vs. James D. Doty, John F. O'Neill and Augustus A. Bird, in a plea of trespass on the case, returnable to a term of said court to be holden on the first Monday of September, 1839, and that the process was duly served: That the cause was continued in the said court, from term to term, until September, 1841, when, on the application of said defendants, the said court ordered that the venue be changed to Walworth county :

That the said cause and papers were transmitted to the clerk of the district court of Walworth county in October, 1841; and in the said district court of Walworth county the cause was continued from term to term, until a term begun and held in said county in April, 1843, when said cause came on for trial; and having been duly tried, a judgment was rendered for the defendants, whereupon the said plaintiff sued out a writ of error from the supreme court, which being duly heard and tried in the supreme court, the said supreme court did order and adjudge, that the said judgment of the district court of Walworth county be reversed, and that the said cause be remanded to the said district court to be proceeded in to final judgment according to law; that on or about the 20th of August, 1844, on the application of the relator, the judge of the district court of Walworth county ordered a change of venue of said cause to the county of Milwaukee, and that the said cause had been transmitted to the clerk of said court, and had been entered on the docket. And at the November term, 1844, of the district court of said county of Milwaukee, the said court decided, that the district court of the county of Walworth had no authority to award said change of venue of said cause, and refused to take jurisdiction of the same, and absolutely refused to try said cause or permit the same to be tried in the said district court for the said county of Milwaukee; which said determination of the said court was opposed by the counsel for the plaintiff in said cause, and was in opposition to the wishes of said counsel, expressed to said court.

The matter was submitted, by consent, to the consideration of this court. The whole difficulty arises out of the "act to amend an act of the statutes of 1839, concerning the supreme and district courts," approved January 9, 1840. The construction of that act, and the practice that should obtain under it, must now be determined. The tenth section provides: "That if either party in any civil cause in law or equity, which may be pending

in any district court in this Territory, shall fear that he will not receive a fair trial in the county in which such cause is pending on account the judge is interested or prejudiced, or is related to or shall have been of counsel for either party ; or, that the adverse party has an undue influence over the minds of the inhabitants of the county where the action is pending ; or, that the inhabitants of such county are prejudiced against the applicant; or, that a large number of the inhabitants of such county have an interest in the question involved in said suit, adverse to the applicant, so that he cannot expect a fair trial ; such party may apply to the court in term time or to any judge in vacation, etc., who shall, if satisfied of the truth of the allegations, award a change of venue, to some county where the causes complained of do not exist." And by section 11 of the same act, it is made " the duty of the district court of the county to which such cause shall be sent *for trial*, to *proceed to trial*, in the same manner, and to give judgment, and award execution, as though the said cause had not been removed."

These sections of said act do not, in positive terms, limit or restrict the change to one time ; but that such is the spirit and meaning thereof, satisfactorily appears. It is certainly the policy of the laws and the duty of the courts to have all judicial business disposed of without any unnecessary or unusual delay or expense. It is not the duty of a court to put such a construction upon a statute as may tend to obstruct or delay the administration of justice. The legislature authorized the removal of causes for the reasons stated in the act, and prescribed the form of the application therefor ; but left the time for such removal open, to be disposed of and controlled by the courts, according to well-established practice.

When an application is made to the court or judge, reasonable notice is to be given to the opposite party of such application ; and if the court or judge is satisfied of the truth of the allegations, a change of venue is to be awarded to some county, where the causes complained

of do not exist.   And it is made the duty of the district court of the county to which said cause *shall be sent for trial, to proceed to trial in the same manner and to give judgment and award execution, in the same manner as if the said cause had not been removed.*   In this case, when application was made to the judge of the first judicial district, notice must have been given, according to law, to the plaintiff's attorney of such application, and the cause, after a hearing, was ordered by that judge, to be removed to Walworth county for trial; and in obedience thereto, and according to the power conferred by the act, was tried in the court of said county.   The cause was ordered to be removed to Walworth county for *trial*, and when removed, was entered on the docket of the Walworth court ; and the said court under the law, could dispose of it.   This law is not to be construed liberally, as it is an extraordinary privilege granted to a suitor.   But upon the plain reading of the law, the district court of Walworth, and that court alone, had the power to try and enter judgment, and award execution in the cause.   That court has no authority by law to direct it to be transmitted to another county for *trial*.   This cause legally belonged to the jurisdiction of the district court of Iowa county, and was there *pending* until the judge of that court ordered it to be transmitted to Walworth county — where by the law it was *for trial* after it was entered on the docket of said court.   The statute does not authorize the district court of Walworth county, to order the cause to be removed to Milwaukee, and consequently no jurisdiction can be conferred upon the district court of Milwaukee county.

Such being the opinion of the judge of the district court of Milwaukee, and he being fully satisfied that any trial had in that court would be a nullity, it was his duty to refuse to entertain a void jurisdiction, to the prejudice of the parties, and at the expense and trouble of the public.

If this change to Milwaukee county were construed to be within the spirit and meaning of the law, and

according to correct practice, the power of the courts to force causes to trial would become exhausted. A change was effected, in the first place, by the defendants, for prejudice in the people of Iowa county against them. The change to Milwaukee was ordered, on the application of the plaintiff, for prejudice in the people, and an undue influence of the defendants, or some of them, over the minds of the people of Walworth county. Now if this last change is legal and proper, changes can be made, *ad infinitum.* Petitions for changes, alleging new causes, can be made by each party, whereupon this cause, and every other on the docket, with the necessary train of parties, attorneys and witnesses, may be kept traveling throughout the Territory, without the least prospect of ever being finally disposed of. The poor suitor, who could not find means of following his cause, would be compelled to submit to the power placed by the law, in the hands of his opulent and influential adversary. Having but three judges, an oath of prejudice against them, which can be made, upon a contrary construction of the law, by the parties alternately, puts the cause out of court. It cannot be presumed, that the legislature by this law, authorized such an annoyance to suitors ; such a delay in the administration of justice. It is not to be presumed, that the legislature by this law, opened a door for the corruption, doubtful swearing, and oppression that must necessarily accompany such a proceeding. If this is tolerated, a party can try his hand, in the first place with the judge, by some question of law, and upon a decision against him, the next move may be an application for a change of venue, on the allegation of prejudice in the judge. Then after a trial in the county to which the cause is removed the losing party, as in this case, if a new trial can be obtained, will be sure to apply for a change, on the allegation of prejudice of the people. Thus it is seen, that the law must inevitably be abused, and the administration of justice and our courts must fall into disrepute. A decis-

ion of a court, upon a matter of law, is no evidence of prejudice of a judge, nor is the verdict of a jury any evidence of prejudice, or of an undue influence over the minds of the people.    A judge is often required to decide the law against persons whom he esteems as his best friends ; and a jury is frequently compelled to render a verdict against the most honest and upright men of their county.

To prevent the abuse and prostration of the administration of justice above alluded to, the rule has long been adopted and enforced, to restrain a defendant from having his cause sent to another justice, in pursuance of section 8 of the act to amend an act concerning justices of the peace, approved January 8, 1840, after he has appeared and filed his plea in the cause before the justice who issued the process.    Such a construction was necessary to prevent an abuse of that law, and to prevent a delay of the trial.    If on certiorari, the judgment of the second justice has been reversed for this delay in the removal, how much the more certainly should any judgment the district court of Milwaukee county might enter in this case be reversed by the supreme court?    This cause was commenced in 1839, has passed from the first district into the second, where it was tried, and after reversal of the judgment by the supreme court was returned to Walworth county for a second trial ; and after the end of five years and all the delays and changes, the supreme court should decide that the district court of Milwaukee could not legally take cognizance of it.    It has already been long enough in either of the first or second districts to have been disposed of according to the course of judicial proceedings in this Territory.

In order to prove the propriety of this position, and to show how strict the practice of the courts, in this particular, is, where judicial proceedings are well regulated, I will refer to the established practice in England and the State of New York.    In the king's bench, it is settled that the venue cannot be changed at the instance of the

defendant, after plea pleaded, even though he afterward have leave to withdraw his plea, and plead *de novo*, with a notice of set-off. In the common pleas, the motion is for a rule to show cause, and may be made as in the king's bench, at any time before plea pleaded. In the exchequer, the court will not change the venue in any. case, when a trial has been had, nor can the defendant in that court change the venue, after having obtained an order for time to plead. 1 Tidd's Prac. 655.

The statute of the State of New York is in these words: "Actions of slander, for libels and all other actions for wrongs and upon contracts, shall be tried in the county where the venue shall be laid, unless the court shall deem it necessary, for the convenience of the parties and their witnesses, or for the purpose of a fair and impartial trial, to order such issues to be tried in some other county; in which case the same shall be tried in the county so designated." "And the court shall have power to change the venue in any of the actions specified, when it shall appear that a fair and impartial trial cannot be had in the county in which such venue is laid." This law is construed strictly, and enforced in a similar manner. In the case of *Lee v. Chipman*, 11 Wend. 186, it is decided, that the venue will not be changed, if the motion for that purpose is not made until after issue joined; and it appears that the plaintiff, if successful on the trial, will lose a term in entering his judgment, if the motion be granted. When the object of an order enlarging the time to plead manifestly is to throw a plaintiff over the circuit, a motion to change the venue made in the mean time will be denied. *Haywood v. Thayer*, 10 Wend. 571. In 18 id. 514, *Anonymous*, it is decided that a defendant is not bound to move for a change of venue before plea put in, but if he moves after plea, and the effect of his delay is to throw the plaintiff over a circuit, the motion will be denied. The venue will not be changed after issue joined, provided it appear that the plaintiff may lose a term by the delay. *Chapin v.*

*De Graaff,* 4 Cow. 544; *Delavan v. Baldwin,* 3 Caines, 104; *Rent v. Dodge,* 3 Johns. 447. It will appear that although the act of New York is not restricted as to the time of the change, yet the party is required by the courts to apply without delay. Under such a practice, more than one change could not be expected, notwithstanding the law leaves the change to the discretion of the court. Our law being more restrictive in its terms, at least as strict a practice as that in the State of New York should be enforced.

I do not contend, that if the judge to whom the case shall be sent for trial shall labor under a legal disability, he should proceed to trial; but in that case, the change had not been legally made, and it would be his duty to order it to be returned to the court from whence it came that it may be ordered to a county of a district where the disability does not exist.

For these reasons I dissent from the opinion of a majority of the court just delivered.