## The State *vs.* George B. Addison.

There is no case pending, in a prosecution for murder, until after bill found.

By the expression, "to change the venue," in the Act of 186?, is meant to change the place of trial from one County to another.

A motion to change the place of trial, in a criminal case, cannot be heard before bill found.

After bill found, it is within the discretion of the Circuit Judge whether he will hear such a motion before or. after issue joined. The notice may be given before, but it is better, it seems, that the hearing of the motion should be after issue joined.

The prosecutor, in a case of homicide, is not a party interested by whom notice of a motion to change the place of trial may be given. It should be given by the Solicitor on behalf of the State.

Indictment for murder quashed on the ground that attorneys representing the Solicitor, he being absent, had entered the room of the grand jury when they were deliberating on the bill, and advised them in reference to .their duty.

Before PLATT, J., at Edgefield, February Term, 1870.

Appeal by the State from certain orders made by the Circuit Judge in this case, which was a prosecution for murder.

Before bill found, Mr. Gary, acting for the Solicitor, who was absent, moved, on behalf of the State, that the venue be changed. This motion His Honor refused to hear, on the ground that the bill had not been found.

A true bill was afterwards found, and, thereupon, the motion was renewed, and again refused upon three grounds: (1.) That issue had not been joined, and the motion could not be heard before the prisoner had pleaded to the indictment. (2.) That the notice of the motion, required by law, had been given by the prosecutor, and not by the Solicitor of the Circuit; and, (3.) That notice of the motion cannot be given until after bill found and issue joined.

It was then moved, on behalf of the prisoner, that the indictment be quashed; and that motion was granted by His Honor, for the reasons set forth in the order, which is as follows:

"It appearing to the Court that M. W. Gary, being retained to assist the State's Solicitor in the prosecution of this indictment, (and having been appointed by the Solicitor, P. L. Wiggin, who had been compelled to leave the Court, to act as Solicitor in this case, which appointment had been confirmed by the presiding Judge, said Judge being ignorant of his having been previously retained to assist in the prosecution, he having given notice to Mr. Griffin, one of the counsel for defendant, that he was going before the grand jury in regard to said bill of indictment, and no objection being

made to his appointment as Solicitor in this case until he had gone into the grand jury room,) had entered the room of the grand jury after the bill of indictment had been delivered to them, and after they had heard, on the first day of the term, the charge of the presiding Judge, and, without the fact of his intention to go to the grand jury having been brought to the attention of the Court, or its permission obtained, had then and there instructed the jury as to their duty under the law in disposing of the bill of indictment, by reading to them extracts from two several law books; and it also appearing that, afterwards, C. W. Miller, Esq., as the Deputy of the State Solicitor, (Mr. Gary having previously retired from the grand jury room, at the instance of defendant's counsel,) entered the room of the said grand jury, at the instance of the Court, and instructed them that, if there was sufficient ground for the reasonable suspicion that the defendant was guilty of the crime charged in the indictment, then, that it was the duty of the grand jury to find a true bill in this case—on motion of Mr. Carroll, and others of counsel, on the part of defendant, ordered that the indictment in this case be quashed."

Appeals were taken by the Solicitor, on behalf of the State, as follows:

From the order refusing to hear the motion to change the venue before bill found, an appeal was taken, on the ground—

1. Because, it is respectfully submitted, that defendant having been arrested on warrant for the homicide, there was a criminal case pending in the Circuit Court for change of venue, in the trial of which the motion should have been heard, and that His Honor erred in deciding that a bill must be found before such motion could be heard.

From the order refusing to hear the motion to change the venue after bill found, an appeal was taken on the grounds:

1. Because, it is respectfully submitted, that a bill having been found against the defendant, who had been previously arrested on warrant, and admitted to bail, there was a criminal case pending, for change of venue, in the trial of which the motion should have been heard, and that His Honor erred in ruling that there was no case pending until issue was joined between the defendant and the State, by the prisoner's plea on his arraignment.

2. Because, it is respectfully submitted, that His Honor erred in ruling that the prosecutor was not a party interested by whom the

notice of application for change of venue could be given, and that the notice must be given by the Solicitor of the Circuit.

3. Because, it is respectfully submitted, that His Honor erred in ruling that the notice required by the Act cannot be given properly until true bill found, and issue joined between defendant and the State.

And from the order quashing the indictment an appeal was taken, on the grounds :

1. Because being retained to assist the State Solicitor in the prosecution of an indictment does not prevent the party so retained from being deputed to act as Solicitor.

2. Because the party deputed to act as Solicitor had all the rights and powers of the Solicitor of the Circuit, and among them that of entering the grand jury room, and counselling the grand jury.

3. Because there was nothing in the conduct of counsel in the grand jury room, of either of the parties deputed to act as Solicitor, to justify the indictment being quashed.

4. Because even if there was error in the counsel given to the grand jury by either of the parties deputed to act as Solicitor, such error affords no ground for quashing the indictment.

5. Because, it is respectfully submitted, that the causes assigned in the order were insufficient to warrant the quashing the indictment, and that His Honor erred in so ordering.

*Wiggin,* Solicitor, for appellant :

1. That change of venue may be moved for in " all cases, civil and criminal, pending in the Circuit Courts, over which such Courts have jurisdiction."—A. A. 1868, 14 St., 84.

2. That a case is pending as soon as first proceedings are instituted, certainly when defendant is made a party.

Civil case at law pending when writ is lodged with Sheriff, certainly when defendant is served.—1 N. and McC., 569, 603 ; 5 Co., 61 ; 3 Chitty's Pl., 904.

Civil case in equity pending when bill is filed, certainly when defendant is served with subpœna.—Speer Eq., 382 ; 1 McCh., 264 ; Bail Eq., 481 ; 1 Strob Eq., 180 ; 2 Daniel's Ch. Pr., 725 ; Story's Eq. Pl., Sect. 737.

Criminal case pending as soon as affidavit made on which warrant issues, or warrant issued, certainly when defendant is arrested. Harper, 313 ; 4 Mc., 356 ; 1 Brev., 160 ; 1 East P. C., 186 ; 1 Den. C. C., 217 ; 2 C. & K., 402 ; Wharton's Amer Cr. Law, Sec. 449, Note R ; 15 Rich., 282.

3. That if a criminal case is not pending prior to bill found, it certainly is pending, and the record so made up as to be removable to some other County for trial, after true bill found against defendant who has been arrested on warrant.—A. A. 1839, 11 St., 72 ; Wharton's Amer. Cr. Law, Sec. 521.

4. That the prosecutor is a party interested in a criminal case, by whom notice of application for change of venue may properly be given—the words "some party interested," not being restricted in meaning to plaintiff or defendant.—A. A. 1868, 14 St., 85 ; 1 Waterman's Archbold's Cr. Pl. and Pr., 252 ; The *People* vs. *Webb*, 1 Hill, N. Y., 179.

5. That even if the notice was defective, in being signed by the ·prosecutor, instead of the Solicitor, such defect was cured at October Term, 1859, by order of the Circuit Judge, on motion of the Solicitor, that the motion for change of venue be heard at February Term, 1870.

6. That notice may be properly given of motion for change of venue before bill found and issue joined between .defendant and the State, according to the words of the Act, and its proper construction.

Even were the words doubtful, the argument drawn from the inconvenience attendant upon the other construction, would be potent in favor of this construction.—Co. Litt., 66 A. ; Broom's Legal Maxims, 139.

On the appeal from the order quashing the indictment, he cited : 57th Rule of Court, Miller's Comp., 42 ; Wharton's Amer. Cr. Law, Sec. 495 ; 1 Chitty's Cr. Law, 816 ; 4 Blackstone's Com., 126, Note by Christian ; 1 Waterman's Archbold's Cr. Pl. and Pr., 323 ; Oath of Grand Jurors, Miller's Comp., 159 ; A. A. 1768, 7 St., 240, Sec. XXI ; A. A. 1868, 14 St., 88 ; 1 Waterman's Archbold's Cr. Pl. and Pr., 99 ; 4 Bla., 303 ; 7 Rich., 339 ; Wharton's Amer. Cr. Law, Sects., 519, 520 ; Com. Dig., Indictment H. ; 1 Waterman's Archbold's Cr. Pl. and Pr., 336, 338 ; 2 Hawk. P. C. C., 25, Sec. 146 ; 1 Salk., 372 ; 14 Rich., 280 ; 2 Hill, 288.

*Carroll & Melton*, contra:

I. The motion to change the venue, before true bill found, was wholly unauthorized by the A. A., 1868, 14 Stat., 84, 85.

1. Ordinarily no man can be held to answer "for a capital felony unless on presentment of a grand jury" of the County where the crime was committed.—State Constitution, Art. I, Sec. 19 ; 3 Camp'l ; Lives of the Lord Chancellors, ch. 90, p. 295.

2. Until true bill found there was no charge to be answered—no case pending in the Court—and no record to be removed.—*Resp.* vs. *Schaaffer*, 1 Dall., 273.

II. The Act of Assembly referred to did not warrant the motion made for change of the venue after true bill found.

1. The twenty days' notice of the motion which the Act requires was not given to the defendant.

2. The only notice served upon the defendant was in reference to the motion of February 9, 1870, and that notice was not signed by the Solicitor of the Circuit, but by the mere witness upon whose affidavit the warrant was issued, styling himself "Prosecutor of G. B. Addison."

3. The motion of February 17, 1870, was premature, and ought to have been delayed until after arraignment, plea and issue joined upon matter of fact.—*Mostyn* vs. *Fabrigas*, 1 Smith's Leading Cases, Eng. Notes, 366; *Dowler* vs. *Collis*, 4 Mees. and W., 531.

III. The order to quash the indictment was amply justified by the extraordinary circumstances under which were held the deliberations of the grand jury, resulting in their finding "a true bill."

1. The presence of Mr. Miller in the room of the grand jury, and his undertaking to instruct them in the law, was irregular and unauthorized, and still more flagrantly so was the presence there of Mr. Gary, and his assuming to "instruct the grand jury as to their duty, under the law, in disposing of the bill of indictment."

2. "Ground for reasonable suspicion of guilt" is certainly insufficient to warrant the finding of "true bill;" and the fair probability is that such finding by the grand jury was influenced materially by loose and erroneous statements of the law and rules of evidence by which the grand jury were told that they should be governed.—2 Instit's, 384; 2 Hale, 157, note *a*; 1 Chit. Cr. Law, 318; 4 Bl. Com., 303; 2 Hale, 157, note *b*; 2 Story Constitution, 592; 1 Greenl. Evid., § 252; 1 Whart. Cr. Law, § 495; 2 Hawk. Ch., 25, § 145.

April 24, 1871. The opinion of the Court was delivered by

Moses, C. J. The first ground of appeal submits that the Circuit Judge erred in deciding that, before a motion could be entertained to change the venue, where the party had been arrested on a warrant for homicide, a bill must be found.

A prosecution for same purposes may be said to have commenced at the time of the complaint; for others, at the issuing of the war-

rant and arrest of the defendant; and still for others, at the finding of a bill by the grand jury.

"The complaint made to a Magistrate is a commencement of a prosecution sufficient to arrest the Act of Limitation."— *Clarkson* vs. *Cantey*, Harp., 312; *State* vs. *Howard*, 15 Rich., 282, and the cases there referred to. Our own decisions in that regard have been in conformity with the English authorities.

A civil action at law may be said to be pending when the writ is lodged with the Sheriff, and an equity suit from bill filed. In each it is the proceeding to which the defendant is bound to answer when served with due process. A criminal " case " for homicide cannot, however, be said to be pending until bill found; for, until then, there is nothing to which the party charged can answer by plea or otherwise.

Technically speaking, no change can be made in the venue. That is a material averment in the indictment, and cannot be altered by the Court. The grand jury are sworn, *ad inquirendo pro corpore comitatus*, and their presentments and bills are limited to matters within the County for which they sit.

The term has, in some way, crept into the books, and into Legislative Acts, and, when used, means no more than a change of the trial from the County in which the bill was found, to some other within the jurisdiction of the Court. The words, as used in the Act of 1868, 14 Stat. at Large, 84, (which, for the first time, appear in the Statutes of this State,) propose no more than to confer on the Circuit Judges in the cases, and subject to the provisions therein mentioned, authority to direct the trial elsewhere than in the County where the bill is found or the action brought. In fact, the language of the Act gives the construction, which it intends by the use of the words " to change the venue," for it authorizes the change to be made " by ordering the record to be removed, for trial, to some other County within the Circuit."

Can the motion to change the trial from the County which is laid as the venue be made before bill found, when it is that which alleges the place where the crime is charged to have been 'committed?

Suppose that, before bill found, the motion had been entertained, and the order made to change the place of trial. What was to be tried? There was nothing on which the party charged could be put to his trial. The bill might be ignored, and then there would stand on the journal an order for the trial of a party in another

County who was not subject to trial in the County where the order had been made.

" The mode of changing the place of trial, in a criminal case, is to move the Court on affidavit, showing the necessity of the change, for leave to make the requisite suggestion on the bill."—1 Chitty's C. L., 495.

" Where an indictment or presentment has been removed into the K. B., or was instituted there, that Court has a general jurisdiction to direct the trial to take place in a County different from that where the offence was committed, when it shall be made to appear to them that an impartial trial cannot be had in the latter County. In this case, the same venue remains in the indictment, and the place where the inquiry is instituted is the only deviation from the ordinary course of proceedings."—1 Chitty's C. L., 494.

By the 19th Section of Article I of the State Constitution, " no person shall be held to answer for any high' crime or offence, unless on presentment of a grand jury."

It is, therefore, inconsistent with the spirit of this provision that a motion should be entertained in regard to the trial on which he is not yet put, and to which he may never be required to answer in any way.

The next ground of appeal affirms that, after bill found, the motion to change the place should have been heard, and that the Circuit Judge erred in ruling that there was no case pending until issue was joined between the defendant and the State, by the prisoner's plea on his arraignment."

It does not follow as a matter of course, because the Judge may exercise the power "in all cases, civil and criminal, *pending* in the Circuit Courts," that he may not decide for himself when he will entertain the motion. Neither the rights of the State nor the prisoner are affected by the time when he may conclude to hear the application, for, if made, it must be before the trial. There seems to be a propriety in not allowing it to be heard in a criminal case until the indictment is answered by a plea. The prisoner might plead "guilty," and if that is persisted in, the motion would fail of· itself, or he might plead *autrefois acquit* or *convict*, and the conclusion on either of these would be determined by record evidence, on which the Judge sitting in one County of his Circuit is as well prepared to decide as if presiding in another.

In regard to a motion for a change of the venue in a civil case, because it was not laid in the proper County, a difference of practice

has obtained between the Courts of New York and those of England. In the latter it must be made before plea filed.—10 Bac., Title Venue, E., 371. But in the former it will be entertained even after issue joined, where no delay or loss of trial will be the consequence.— *Delavan* vs. *Baldwin*, 3 Caines, 104; *Kent* vs. *Dodge*, 3 John, 447. These cases apply to motions strictly in regard to a change of venue. The Act of 1868 is in reference to a change of place of trial because a fair and impartial one cannot be had in the County where the action or prosecution is commenced. Some latitude of discretion should be accorded to the Judge, as to the period when the motion should be entertained. Suppose it was limited to time of plea filed in a criminal case, and after that, and before the trial, the State, through its prosecuting officer, or the prisoner, should ascertain that a fair and impartial one could not be had in the County where the bill was found, should either be precluded from the opportunity of a motion to transfer the indictment to a jury of another County within the Circuit?

It is next assigned, as error, that the Circuit Judge ruled, " that the prosecutor was not a party interested, by whom the notice of application for change of venue could be given ; that it must be given by the Solicitor of the Circuit, and that it could not be given until true bill found, and issue joined between the defendant and the State."

We have already said that a criminal case is certainly pending when a true bill has been returned by the grand jury, and we cannot see why the notice of the motion may not thereupon be given, leaving to the discretion of the presiding Judge the time when, after the expiration of the twenty days, he would hear it, and we have intimated that it should not be heard until the indictment has been answered by a plea.

It is difficult to determine in what sense the words "some party interested " are used in the Act. The State is the party to the record charging an offence committed against " its peace and dignity." As it represents the whole people within its territorial limits, in point of fact, each one of them is more or less, as citizens, interested in the issue. In every department of the Government, however, proper persons are by law delegated to represent it. Solicitors are elected and assigned to the several Circuits, whose duty it is to prosecute for violation of the public law, with a general supervision over all matters appertaining to this branch of the judicial department. The whole control of the manage-

ment of all criminal cases is given to them, and especially the prosecution for crimes and misdemeanors. If every citizen of the State (for he who lives in the County where the offence is charged has no greater interest involved than all others living beyond it,) can assume to interfere with the prosecution in the hands of the Solicitor, it would be impossible to preserve and secure that adherence to form and regularity so necessary and proper in all legal proceedings. Suppose that even the prosecutor by whom the charge is made should apply for the removal of the trial against the opinion and judgment of the Solicitor, is he to be heard, and thereby, in effect, substituted as the Solicitor? or, is it likely that the interest of the State would be promoted by a conflict of opinion between them, in which the Solicitor is to be made to yield to the prosecutor? But, how is any one citizen, in a legal point of view, to be considered more interested for the State in a prosecution for murder than another? Save for the just and proper vindication of the law, no one has an interest in the conviction of the prisoner. The prosecuting officer speaks for the State, and, if the motion is to be made for the removal of the trial on behalf of the State, it should be by him, and induced by his judgment. He is responsible for all errors in the official discharge of his duty, and he must be uncontrolled in the exercise of it.

The order of the Circuit Judge quashing the indictment is next submitted as error.

There cannot be any doubt of the power of a presiding Judge to quash an indictment, when it is clear, from the face of it, that no conviction can follow.

"Where the application is made on the part of a defendant, the English Courts have almost uniformly refused to quash an indictment where it appears to be for an enormous crime, as treason, felony, &c.—1 Whart. Crim. Law, Sect. 519.

The reason probably inducing the rule may be, that if the party is convicted on a defective indictment, he has reserved to him the benefit of a motion in arrest of judgment. In the case before us, the Judge undertook, from what he regarded, under the circumstances, as conducing to the ends of justice, to grant the motion which was made on behalf of the prisoner.

The inclination of all Courts has been against a motion, on the part of a defendant, to quash an indictment. Where, however, it is granted, not by reason of any defect in the bill, but in consequence of matters occurring in the course of the deliberation of the grand

jury upon it, and not properly in any way incidental to it, an appellate tribunal should not generally interfere.

Here the presiding Judge considered that the prisoner should not be put to trial on that bill, because the attorneys appointed by the Solicitor to act in his absence had successively entered the room of the grand jury; the one who entered without leave of the Court undertaking to instruct them as to their duty in disposing of the bill, reading extracts from two law books; and the other, who went in with consent, advising them directly against all law as to their duty in the return which they should make to it. How what occurred in the jury room, and which is recited in the order, was made known, does not appear by the brief.

In some of the States the prosecuting officer is allowed to go into the room of the grand jury, conduct the examination, and give his opinion on any point, when requested. In others, his relation to the grand jury terminates when it takes charge of the bill. In this State it has not been the practice of a Solicitor to enter the room. There have been particular and special occasions when he has done so, but we may venture the assertion that it never has been done, and certainly should never be done, without the knowledge and consent of the Judge. In this case we are satisfied that no wrong intention influenced either of the acting solicitors, but still their conference with the grand jury in its room, and reading law books to them, were against the rights of the prisoner. The counsel given by one of them, "that if the jury had ground for reasonable suspicion of guilt, then it was their duty to find a true bill," is so utterly at variance with the conclusion they are to draw from the evidence to justify such a finding, that we are not surprised at its influence on the Judge in ordering the indictment quashed, as an act due to his official regard and the rights of the prisoner, and violating no positive law.

We do not see any objection to counsel retained to aid the prosecution acting as Solicitor, in the absence of the regular officer, because his position is not at all changed from that which he would occupy as assistant counsel with the Solicitor, although he may have received a retaining fee. We do, however, perceive that evil might follow from the unlimited right of a Solicitor to enter the room of the grand jury at his pleasure. What security would the prisoner have if wilfully wrong counsel was given to the jury? How is it to be known to the Court, if what transpires in their room is to be kept secret?

Whence the Judge derived knowledge of what was said or done in the jury room does not appear in the brief. He, however, acted on it without stating the source from which he received it. The facts on which he granted the order are recited in it.

When the grand jury desire any further information than that offered in the general charge of the Judge as to the nature of the offenses contained in the various bills committed to them, they can return to the Court, and ask it from the proper source.

Without the consent of the presiding Judge, no one should have access to the jury room during their deliberations.

The motion is refused, and the appeal dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.