(39 Misc. Rep. 448.)

PEOPLE ex rel. CROKER v. STURGIS, Fire Com'r.

(Supreme Court, Special Term, New York County. December, 1902.)

1. CERTIORARI—DISMISSAL OF CHIEF OF FIRE DEPARTMENT—STAY OF ORDER
     Where a writ of certiorari is granted to review a determination of the
     fire commissioner of the city of New York dismissing for cause the chief
     of the fire department after a hearing, it should not contain a provision
     staying execution of the order of dismissal until review can be had.

2. SAME.
     The fire commissioner of the city of New York had power to dismiss
     the chief of the city fire department after a hearing for cause.

3. SAME—STAY.
     On certiorari to review a determination dismissing the chief of the fire
     department of New York for cause, after hearing, a stay cannot be
     granted on the ground of alleged erroneous rulings by the commissioner,
     nor on the ground that the judgment is against the law and the evidence,
     as those questions are for the decision of the appellate division under
     Code Civ. Proc. § 2140, in such a proceeding.

4 SAME.
     That the commissioner of the fire department was prejudiced against
     the chief of the fire department is no ground for a stay on certiorari is-
     sued by the supreme court to review his dismissal.

5. SAME.
     Code Civ. Proc. § 2131, providing that a writ of certiorari shall not stay
     the execution of the determination to be reviewed, except that the court
     may, on such terms as to security as justice requires, direct that the de-
     termination be stayed until the further direction of the court, has not
     enlarged the right to have a stay or an order for stay, but has changed
     the common-law rule under which the writ itself effected a stay.

Certiorari by the people, on the relation of Edward F. Croker, against Thomas Sturgis, fire commissioner of the city of New York. Application to vacate so much of the order allowing the writ as granted a stay of execution of respondent's judgment dismissing the relator as chief of the fire department after trial had. Stay vacated.

John T. Delany, for relator.
George L. Rives, Corp. Counsel, for respondent.

LEVENTRITT, J. This is an application to vacate so much of an order allowing a writ of certiorari as granted a stay of the execution of the respondent's determination dismissing the relator, as chief of the fire department, after trial had on charges duly made. The writ and stay were granted ex parte on the affidavits of the relator, his counsel, and of several newspaper reporters. The record of the trial

was not presented to the court, nor is it before me on this application. The papers submitted to the justice who granted the stay contain a more or less detailed history of the relations between the relator, as chief of the uniformed force, and the respondent, as commissioner of the fire department; the main purpose of the recital being to show bias and prejudice. There is some statement as to the occurrences at the trial, and certain extracts of the testimony are incorporated in the affidavits to support the charge of bias and prejudice. This is the main ground of error relied on. Others alleged were that the respondent was, by reason of interest and the pre-existing bias, incompetent to act as trial judge, and that his deputy was, under the law, competent to try the charges, and should have been designated to do so; that rules of law were violated to the prejudice of the relator; that erroneous rulings were made; that the charges were not proven; and that the commissioner's decision was against the weight of evidence, and therefore illegal.

The allowance of the writ of certiorari itself was, on the facts shown, entirely proper. Hence no attack is here made upon it. The propriety of the stay is the only question involved on this motion. The application for a vacatur is based on the affidavits of the respondent, of the assistant corporation counsel who conducted the prosecution, of the chief clerk in the corporation counsel's office, and on that of an attorney who for many years was counsel to the fire department. The respondent's affidavit contains his version of the relations between himself and the relator, and a specific denial of all charges of bias or prejudice; that of the assistant corporation counsel concerns itself with the conduct of the trial, and the statement that, in his opinion, the respondent acted fairly, and accorded the relator his full rights; the chief clerk makes affidavit that in 45 years' service in the corporation counsel's office, during which period all papers in certiorari proceedings passed through his hands, he has knowledge of no instance where an order was ever granted allowing a stay in a case where a public board or officer removed a subordinate. The attorney swears that, as a result of his long experience as counsel to the department, the continuance of the stay would, in his opinion, work demoralization and disorganization in the uniformed force. The answering affidavits contain additional extracts from the minutes of the trial, further charges of bias and prejudice, and averments in reply to the attorney's affidavit negativing the assertion of demoralization and disorganization. The vacatur is sought on three grounds: First, that the court had no power to make the stay; secondly, that, if such power existed, it was improvidently exercised; and, thirdly, on the merits.

I do not deem it material to consider the various affidavits in further detail. It is quite unnecessary for the purposes of my decision, which I place on broad grounds. Nor do I wish my decision interpreted as in any wise constituting an approval of the conduct of the trial so far as the same is disclosed by the affidavits before me and the uncontradicted excerpts from the record. The propriety or impropriety of the conduct of the trial, the due safeguarding of the rights of the relator, errors of law, and questions of the weight of evidence, within section 2140 of the Code of Civil Procedure, must be left for

the decision of the appellate division. Even were the entire record of the trial before me, it would not be incumbent upon me, nor even proper, to review the testimony, even though the reading satisfied me that I should reach a different conclusion than the officer whose decision is in question. The method of reviewing his decision is furnished by the Code. The grounds are specified for which the appellate division may reverse. Code, § 2140. Giving the broadest possible construction to the section authorizing a stay in certiorari proceedings, I am of the opinion that it was not the purpose of the legislature that the judge of whom the stay is asked should in any case grant it merely because he discovers an error of law, or because, if a verdict had been rendered thereon by a jury, it would be set aside as against the weight of evidence. Such an intermediate or halfway interference with the functions of the appellate tribunal would be as unwarranted as it is uncontemplated. The stay in those classes of cases where it is proper must have other considerations to support it. I reject, therefore, those points urged by the relator which are based on erroneous rulings, errors of law, or questions of the weight of evidence. Nor is there any force to the contention that the respondent was not qualified to act. The question here is not as to the propriety of his acting under all the circumstances of the case. The question is, did he have the power? There is no doubt that he had. It is given by statute. In a similar case it has the support of authority. People v. Roosevelt, 23 App. Div. 514, 48 N. Y. Supp. 537, affirmed 155 N. Y. 702, 50 N. E. 1121.

There remains, then, the question of bias and prejudice. Conceding, for the sake of argument, that on the application for a stay the court may properly inquire into their existence for the purpose of controlling its discretion, and conceding, even, that the appellate division will reverse on that ground, I still cannot see how, at this stage, they can avail the relator. Bias and prejudice per se can afford no ground for a stay, just as little as bias and prejudice per se constitute a ground for reversal. It is bias and prejudice tainting or affecting the result. Grant that the respondent showed animus, or even that he prejudged the guilt of the relator, if there was, nevertheless, uncontradicted evidence supporting any one of the charges, evidence of a kind that would satisfy an impartial tribunal, the judgment of dismissal, based on that charge alone, would have to stand. Where the question of guilt is dependent on the resolution of conflicting questions of fact, and clearly established animus or prejudice may have determined or probably did control which way the conflict should be or was solved, the court, in the furtherance of justice, would be compelled to set the finding aside. But that question can only be determined on the whole record, and its examination here would be premature. I could act only on the papers before me, which do not include the record of the trial. These papers contain the decision or opinion of the commissioner, filed simultaneously with the order of dismissal. This opinion professes to find the relator guilty on several of the charges on uncontradicted testimony,—largely on that given by himself. If the record bears this out, the sentence must stand, however biased the respondent may have been, or however undignified or

unjudicial his conduct of the trial may have been, or however violative of propriety or delicacy it may have been to have insisted on his right to preside in person. I must, therefore, reject also bias and prejudice as a proper ground for a stay. Consequently, nothing remains to support it, unless a stay should issue in this class of cases as a matter of course. So far from this being so, I am of the opinion, irrespective of the merits of this proceeding, that after hearing had in a matter of disciplinary nature, resulting in the dismissal of an inferior by a superior officer, the interests of the public service require that there should be no stay, and that the dismissal should be effective until a reversal and reinstatment by the only tribunal appointed by the law to review the .case. Perhaps extraordinary and exceptional circumstances may arise justifying a stay, but I am at a loss to conceive them.

I have treated this case thus far as if it were on a par with that large variety of cases that are embraced within the provisions of section 2131, and it is insisted on behalf of the relator that that section permits it in this case, and that, the discretion in its favor having already been exercised by a judge of this court, there ought to be no interference with it. The application for the stay, however, was made ex parte; the respondent had no opportunity to present his objections to it; and it is settled that, under these circumstances, especially where it appears, after hearing both sides, that the stay was improvidently granted, it may properly be vacated on motion. 4 Enc. Pl. & Prac. 211, 235, and cases cited. So far as section 2131 is concerned, a proper understanding will show, I believe, that the right to a stay has, if anything, been limited, rather than extended, and that, contemporaneous with the increase in the kind and number of determinations reviewable by certiorari, there has been a restriction in the application of the stay. It will be observed that the language of the section is negative: "Except as prescribed in this section, a writ of certiorari does not stay the execution of the determination to be reviewed, or affect the power of the .body or officer, to which or to whom it is addressed. The court, which grants the writ, may, in its discretion, and upon such terms, as to security or otherwise, as justice requires, direct, by a clause in the writ, or by a separate order, that the execution of the determination be stayed, pending the certiorari, and until the further direction of the court." The negative form of this provision, that the "writ of certiorari does not stay the execution of the determination to be reviewed," was adopted to limit a right existing at the common law. A common-law certiorari carried with it a stay as a matter of course, or rather it was unnecessary to secure a separate stay, as that was involved in the writ itself, which literally removed the record out of the inferior tribunal, and thus rendered all proceedings on it there impossible in theory of law and erroneous in practice. Bac. Abr. "Certiorari," tit. G; Patchin v. Mayor, etc., 13 Wend. 664. The record being removed, it followed as a necessity of logic that there was nothing left below to act upon.

In the application of common-law principles to the particular facts of each case some confusion resulted in the decisions of this state. To remedy that confusion section 2131 was enacted. Mr. Throop,

in his annotation to that section, says that "the question whether a certiorari operates per se as a stay was, when the Code was enacted, still surrounded with much obscurity." And he cites in support of this view, Blanchard v. Myers, 9 Johns. 66; Ex parte Sanders, 4 Cow. 544; Patchin v. Mayor, etc., 13 Wend. 664; Payfer v. Bissell, 3 Hill, 239; Conover's Case, 5 Abb. Prac. 182; Id., 25 Barb. 513. The Code removed the obscurity, and thus settled the practice for this state. It broke away from the common-law principle, and declared that the writ did not act as a stay except where specifically authorized by the court. The whole question was, therefore, left open to be passed upon as each class of cases or as each individual case of a proper class arose. This section, therefore, so far from being a new enactment granting a new right and enlarging the field of the stay, in effect limited it.

I have been referred to no case, nor has my own research been able to disclose one, where a stay has issued in a case like the present. I am not surprised at this result, and it is quite in harmony with my own views. Irrespective of the merits of this particular proceeding, I should deem it a dangerous principle and a bad precedent to invoke the extraordinary remedy of a stay in what is, in its last analysis, simply a disciplinary proceeding, which has resulted in the dismissal of an inferior by a superior officer. The interests of the public, the efficiency within the department itself, the respect for authority and superiority which is the condition precedent to effective work, and, especially in this case, the harmony of relationship and the indispensable co-operation that should exist between the head of the department and its chief, so that the best results may be achieved, all require that there shall at this intermediate stage be no interference with the course events have taken. Upon a reinstatment by the appellate division, should that tribunal so decide, the relator will be restored to duty, and receive the pay for the time he was ousted. But until that decision I am compelled to assume that the dismissal was regular, and supported by evidence. At the same time I wish again to reiterate that my conclusion in no wise involves the merits of this proceeding, and is in no sense intended to affirm the proceedings at the trial of the relator. For the reasons stated, I am of the opinion that the stay should be vacated.

Stay vacated.