(164 App. Div. 529)

PEOPLE ex rel. LOEVIN et al. v. GRIFFING, Mayor.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

CERTIORARI (§ 47*)—STAY OF PROCEEDINGS—RIGHT TO.

Where relators obtained a writ of certiorari to review the action of the respondent mayor in removing them from the office of commissioners of health, they are not, pending the proceedings, entitled to a stay restraining the mayor from appointing new commissioners.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 121–128; Dec. Dig. § 47.*]

Appeal from Special Term, Westchester County.

Certiorari by the People of the State of New York, on the relation of Leopold Loevin and another, against Edward Stetson Griffing, as Mayor of the City of New Rochelle. From an order staying the mayor from making new appointments until after determination of the writ, the mayor appeals. Order reversed, and motion for stay denied.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Edward W. Davidson, Corp. Counsel, of New Rochelle, for appellant.

Walter G. C. Otto, of New Rochelle, for respondents.

JENKS, P. J. The mayor of the city of New Rochelle, pursuant to the city charter, removed the relators, his appointees, as commissioners of health. Thereupon they obtained a writ of certiorari to review that action, returnable before us. Pending the determination of the writ, the Special Term has made the order now under review, which halts the mayor from appointment of the successors of the relators, or from taking any step towards such appointment, and which commands that the official status of the said relators "be and hereby is in all things and particulars preserved and maintained" (pending our determination upon the writ) "as it was before said determination of the said respondent as such mayor." In its opinion the learned Special Term says that under the charter the relators are "de jure" commissioners of health until their successors are appointed and qualify, and that, as no appointment of their successors had been made at the time the order to show cause, which contained a stay, was served upon

the mayor, its conclusion is that they are still in office, and that, inasmuch as a writ of certiorari had been issued, all proceedings should be stayed.

The fact that the mayor had not appointed the successors is, to my mind, no reason why he should be stayed in any attempt at such appointment. The fact that the relators had a remedy of review is to my mind no reason why the mayor should thus be stayed, his removals in effect nullified, and the relators confirmed in the offices from which the mayor has removed them. Such judicial interference with the executive power, even though temporary, upon the grounds stated, strikes me as unwise to say the least. I think that the sound general policy of the courts, which should be pursued in this case, is well indicated by a great judge sitting at Special Term in People ex rel. Croker v. Sturgis, 39 Misc. Rep. 448, 80 N. Y. Supp. 194. In that case Leventritt, J., says:

"I must therefore reject also bias and prejudice as a proper ground for a stay. Consequently nothing remains to support it, unless a stay should issue in this class of cases as a matter of course. So far from this being so, I am of the opinion, irrespective of the merits of this proceeding, that after hearing had in a matter of a disciplinary nature, resulting in the dismissal of an inferior by a superior officer, the interests of the public service require that there should be no stay, and that the dismissal should be effective until a reversal and reinstatement by the only tribunal appointed by the law to review the case. Perhaps extraordinary and exceptional circumstances may arise justifying a stay, but I am at a loss to conceive them."

The order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.