People ex rel. Brooklyn City R. R. Co., Relator, *v.* Public Service Commission of the State of New York for the First District and The City of New York, Defendants.

(Supreme Court, New York Special Term, February, 1920.)

Certiorari — when motion for an order suspending and staying an order of public service commission denied — injunctions — street railways — motions and orders — Code Civ. Pro. §§ 603, 604 — Code Civ. Pro. § 2131 — Public Service Commissions Law, § 23(2).

The public service commission, first district, having made an order forbidding the collection of an additional fare on the Flatbush avenue line of the Brooklyn City railroad, and granting permission to collect a fare on said line upon giving a refund ticket to each passenger so paying the second fare, a motion by the railroad company for an order suspending and

staying in all respects the order of the public service commission, pending the decision of the Appellate Division upon a writ of certiorari to review said order, must be denied as the only order that might be made by the court under section 2131 of the Code of Civil Procedure would be to stay the public service commission from executing its own order.

There being nothing in the Public Service Commissions Law to indicate that injunctive relief may be granted otherwise than in an action as provided in sections 603 and 604 of the Code of Civil Procedure, section 23(2) of the Public Service Commissions Law, which apparently was intended to prevent the issuance of an *ex parte* order to stay the proceedings of the public service commission and to grant such an order only upon notice and a hearing, does not apply here as the motion is not made in any action.

MOTION for an order suspending and staying in all respects the enforcement of the order of the Public Service Commission, First District, forbidding the collection of an additional fare on the Flatbush Avenue Line.

Cullen & Dykman (William N. Dykman, of counsel), for Brooklyn City Railroad Company.

William P. Burr (Edgar J. Kohler, of counsel), for city of New York.

Terence Farley (John A. Mullan, of counsel), for Public Service Commission.

GREENBAUM, J.  The relator, the Brooklyn City Railroad Company, moves pending the hearing and the final disposition of the writ of certiorari heretofore allowed by this court for an order "suspending and staying in all respects the enforcement of the order of the public service commission of the state of New York for the first district forbidding the collection of an additional fare on the Flatbush Avenue Line of the Brooklyn City Railroad Company and permitting it to collect a fare upon the Flatbush Avenue Line upon giving a refund ticket to each passenger so paying the second fare." The moving papers as well

as the brief of the learned counsel of the relator make
it clear that the stay or suspension of the commis-
sion's order is asked pending the decision of the
Appellate Division upon the writ. The only provision
of the Code of Civil Procedure applicable to a stay
pending certiorari is found in section 2131. The only
order that may be made by the court under section
2131 would be to stay the commission from executing
its order. Under the common law a writ of certiorari
of a superior court to an inferior tribunal or body
removes the record from the custody of the inferior
tribunal, thus leaving nothing there to be enforced by
execution. The writ therefore operated *ipso facto* as a
stay of execution of the original determination. *Ewing*
v. *Thompson,* 43 Penn. St. 372; *People ex rel. Croker*
v. *Sturgis,* 39 Misc. Rep. 448; *Patchin* v. *City of
Brooklyn,* 13 Wend. 664. The common-law procedure
was changed in this state by statute as embodied in sec-
tion 2131 of the Code of Civil Procedure, which pro-
vides as follows: " Except as prescribed in this section,
a writ of certiorari does not stay the execution of the
determination to be reviewed, or affect the power of the
body or officer, to which or to whom it is addressed. The
court, which grants the writ, may in its discretion, and
upon such terms, as to security or otherwise, as justice
requires, direct by a clause in the writ, or by a separate
order, that the execution of the determination be stayed,
pending the certiorari, and until the further direction
of the court." By that section of the Code the court
was given discretion to stay the execution of the deter-
mination of the lower tribunal. The only case in which
that section has been construed, so far as the court has
been able to ascertain, is the *Croker Case, supra.* It was
there convincingly stated, " that it was not the purpose
of the Legislature that the judge of whom the stay is
asked should in any case, grant it merely because he

discovers an error of law.   *   *   *   Such an inter-
mediate or half-way interference with the functions of
the appellate tribunal would be as unwarranted as it
is uncontemplated.'' That this construction of section
2131 is undoubtedly correct is manifest from an under-
standing of the ancient rule which held that the execu-
tion of the determination of the inferior tribunal was
necessarily stayed by the issuance of the writ as well
as from a reading of that section which only contem-
plated a stay of the *execution* of such determination.
It therefore follows that if the court granted this
motion under section 2131 the only thing that would
be accomplished would be to forbid the public service
commission from enforcing it by law. An examination
of the Public Service Commissions Law discloses that
the only sections of that law under which the commis-
sion may take steps looking to an enforcement of its
order are sections 24 and 57. Under section 24 the
commission is empowered to bring an action to recover
penalties or a forfeiture. But that section also pro-
vides that '' if the defendant in such action shall prove
that during any portion of the time for which it is
sought to recover penalties or forfeitures for a viola-
tion of an order of the commission the defendant was
actually and in good faith prosecuting a suit, action or
proceeding in the courts to set aside such order, the
court shall remit the penalties or forfeitures incurred
during the pendency of such suit, action or proceed-
ing.'' It follows that no damage can result to defend-
ant in case the commission should bring an action for
penalties or forfeitures for violation of its order, if it
be shown that the certiorari proceedings are prose-
cuted in good faith. Under section 57 the commission
may proceed by mandamus or injunction to prevent
violation of its order. But in such a case the defendant
would be in a position to contest such proceeding or

action upon the grounds which form the basis of its certiorari proceedings. It therefore is apparent that no valid reason exists for granting a stay under section 2131 of the Code. As to the permission sought upon this motion to collect a second fare there is nothing in section 2131 nor in the rules of the common law applicable to writs of certiorari which would warrant the court in granting such relief. The relator in the brief of its learned counsel refers to section 23, subdivision 2, of the Public Service Commissions Law, which provides: " No order staying or suspending an order of the commission fixing any rate, fare or charge or joint rate, fare or charge shall be made by the supreme court otherwise than upon notice and after hearing; and if the order of the commission is suspended, the order suspending the same shall contain a specific finding based upon evidence submitted to the court and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage." The court's attention has not been called to any case in which this section has been construed. It apparently was intended to prevent the issuance of an *ex parte* order of the court to stay the proceedings of the public service commission and to grant such an order only upon notice and a hearing. There is nothing in the act to indicate that injunctive relief may be granted otherwise than in an action as provided in sections 603 and 604 of the Code of Civil Procedure. The instant motion is not made in any action, and hence in the court's opinion, section 23 of the Public Service Commissions Law is not applicable here. The motion must be denied, with costs.

Motion denied, with costs.