[Civ. No. 2538.   Second Appellate District, Division One.—February
6, 1920.]

## E. BASTHEIM COMPANY (a Corporation), Appellant, v. H. C. SCHULTZ et al., Respondents.

[1] PLEDGE—TITLE OF PLEDGOR—DUTY OF PLEDGEE—WHEN PLEDGEE PROTECTED.—The general rule that a person purchasing or receiving in pledge personal property from another is bound to ascertain what the title and right is of the proposed vendor or pledgor, mere possession alone being only *prima facie* evidence of ownership, is, by section 2991 of the Civil Code, made subject to the modification that where an owner allows another to assume the apparent ownership of property "for the purpose of making a transfer of it," he cannot defeat the right of a pledgee who, in good faith, has made advances, relying upon the apparent ownership ·of the possessor.

[2] ID.—DELIVERY OF PROPERTY UPON FALSE REPRESENTATION—RIGHT OF PLEDGEE.—Where the owner of property delivers the same to another upon the false representation of the latter that he desires to exhibit the same to a third party and that he will thereupon return it, no right or authority being given him to transfer any title to ·anyone, and he pledges the property as security for a loan, the pledgee will acquire no right or title thereto as against the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Fred H. Taft, Judge.  Reversed.

The facts are stated in the opinion of the court.

Hollzer & Greenberg for Appellant.

W. I. Foley and Cleveland Schultz for Respondents.

JAMES, J.—This action was, as framed by the complaint, in form, claim and delivery for the recovery of possession of two certain diamonds. Omitting the more formal allegations of the complaint, it was alleged that on the fourth day of December, 1916, defendants Schultz and Schlager obtained the diamonds from the plaintiff "upon the representation that they desired to exhibit the same to a third party for the purpose of inspection and then and there promised and agreed to promptly return the same

to said plaintiff.'' It was alleged, on information and belief, that the said Schultz and Schlager had deposited the diamonds with defendants Cohn under some agreement, the true nature of which plaintiff did not know. By supplemental allegation the complaint was made to show that subsequent to the commencement of the action plaintiff had, by replevin process, caused possession to be taken of said diamonds from defendants Cohn. Defendant Schlager defaulted; defendants Cohn and Schultz made answer. The answer of Schultz was, in substance, a specific denial of the allegations of the complaint, while that of the Cohns showed that they had, in the regular course of their business as loan brokers, loaned to Schlager, on the fourth day of December, 1916, the sum of one hundred dollars on each diamond, and that they held the diamonds in pledge as security for the repayment of said loan. The court upheld the right of the defendants Cohn to retain possession of the diamonds as security, and directed that possession be redelivered to them, with the condition that if plaintiff should pay the amount loaned by the Cohns upon the diamonds it should be entitled to possession of the property. Plaintiff appeals from the judgment and presents the appeal upon the judgment-roll.

In support of its appeal, plaintiff insists that under the facts found by the court in its decision the judgment should have been in favor of the plaintiff. By the court's findings it was determined to be true that the plaintiff was the owner of the property in question and that it was entitled to the possession thereof were it not for the fact that Schlager, having possession of the diamonds, had pledged them with the defendants Cohn as security for the loan. [1] Before making a further analysis of the findings, the well-established rule may be adverted to, to wit, that a person purchasing or receiving in pledge personal property from another is bound to ascertain what the title and right is of the proposed vendor or pledgor, and that mere possession alone, at best, only furnishes *prima facie* evidence of ownership. This rule is, by the code, made subject to one modification, and that is that where an owner allows another to assume the apparent ownership of property ''for the purpose of making any transfer of it'' (Civ. Code, sec. 2991), he cannot defeat the right of a pledgee who, in

good faith, has made advances, relying upon the apparent ownership of the possessor. The case of *Shafer* v. *Lacy*, 121 Cal. 574, [54 Pac. 72], contains a very full discussion as to the rights of an owner of personal property who has permitted possession to pass to another, and also of the modifying effect of the code section. In the decision in that case it is said: ''The rule of the code permits the owner to show that the property was not intrusted to the bailee or person assuming ownership, for the purposes of sale, but for transportation or temporary custody and the like objects. . . . 'Mere possession of a chattel is not title; and one taking a pledge of it is bound to satisfy himself that the pledgor is the owner; and if he relies solely upon the pledgor's possession, he takes the risk of having to surrender the property to the true owner.' '' In that case—it being one very similar to this in that it involved the pledging of jewelry rightfully in the possession of the pledgor, but which he had received not for the purpose of making a transfer of it—the court reversed a judgment in favor of the pledgee and directed the trial court, upon the findings made, to enter judgment in favor of the plaintiff. In point, also, are the cases of *Akron etc. Co.* v. *First Nat. Bank,* 3 Cal. App. 198, [84 Pac. 778], *Coolidge* v. *Austin,* 22 Cal. App. 334, [134 Pac. 357], and a case recently considered by this court, to wit, *Knapp* v. *Lyman,* 44 Cal. App. 483, [186 Pac. 385]. Our examination of the findings made in the case will, therefore, necessarily be limited to a determination of the one question as to whether such findings, expressly or by reasonable inference, determine that the plaintiff, when it delivered the diamonds to Schlager, made such delivery with the authorization to Schlager to make a transfer of the property. As material to that point, we quote from the findings of the trial judge:

''That on the fourth day of December, 1916, at said city of Los Angeles, the defendant Schlager obtained said diamonds from said plaintiff upon the representation that he desired to exhibit the same to a third party for the purpose of inspection, and then and there promised and agreed to return the same to said plaintiff. That by reason of said representation and at the request of the defendants Schultz, and upon the promise and agreement of said defendant Schultz to have said diamonds returned to it, said plaintiff

then and there delivered said diamonds to said defendant Schlager, for the purpose of inspection only, and said defendant Schlager then and there executed a receipt for the same, in words and figures as follows, to wit:

" 'E. Bastheim Company,

" 'Wholesale Jewelers,

" 'Title Guaranty Building,

" 'Broadway at Fifth,

" 'Los Angeles.

" 'Telephones—Home F-3216, Main 2700 1703.

" 'Memorandum Bill.

" 'We request report on all goods charged on memorandum within five days.

" 'Dec. 4, 1916.

" 'To H. C. Schultz

" 'The goods described and valued as below are sent to you for your examination, remaining our property and subject to our order, and shall be returned to us on demand.

" 'E. BASTHEIM COMPANY.

" '2  Br  # 5000  1.75/100 at 290 per ct
" 'HJC          DELD TO          S. Schlager

" 'These goods are the property of E. Bastheim Company and are not for sale until selection is approved by E. Bastheim Co., and regular bill of sale rendered.'

"That thereafter, and on or about the ninth day of December, 1916, said defendant Schultz approved in writing the delivery of said diamonds, made to said defendant Schlager, as aforesaid.

"That said representation made by said defendant Schlager to plaintiff was false, and was known by said Schlager to be false at the time the same was made."

[2] It will first be noted that the court directly found that Schlager obtained possession of the diamonds upon a representation falsely made by him that he desired to exhibit the same to a third party and that he would return them to plaintiff. Referring to the action of defendant Schultz (the reason for which is not apparent from the findings), the court found that "by reason of said representation and at the request of the defendant Schultz, and upon the promise and agreement of said defendant Schultz to have said

diamonds returned,'' plaintiff delivered the same to Schlager ''for the purpose of inspection only.'' We think it is quite clear that the court sufficiently determined the fact to be that the diamonds were not delivered to Schlager with any authorization to Schlager or anyone else to make a transfer of them. Able counsel who represents the respondents Cohn attaches particular significance to an expression in the findings where it is recited ''that thereafter, on or about the ninth day of December, 1916, said defendant Schultz approved in writing the delivery of said diamonds, made to said defendant Schlager, as aforesaid.'' The argument is that, in view of the rule that every reasonable inference should be drawn from the findings of the court in order to support a judgment, it should be inferred from the expression last quoted that the court intended to say that Schultz was an agent of the plaintiff and, as such agent, authorized Schlager to make transfer of the property. In view of the direct findings as to the conditions under which the diamonds were delivered (already referred to), we think that no such inference is permissible. Any such inference permitted to be drawn must be not only reasonable, but be consistent with other express and direct findings upon material issues. And so we conclude that the findings should be considered as having definitely and sufficiently determined the fact that Schlager's possession of the diamonds was without any right or authority given him by the plaintiff to transfer any title to anyone. The conclusions of law made by the trial judge, and the judgment which followed, are, therefore, erroneous.

The judgment appealed from is reversed; it is directed that the superior court amend its conclusions of law in conformity with the views expressed in this opinion and with the findings of fact as made, and enter judgment thereon in favor of the plaintiff as prayed for in its complaint.

Conrey, P. J., and Shaw, J., concurred.