[Civ. No. 4238. First Appellate District, Division Two.—October 16, 1922.]

ARTHUR T. McLEAN, Respondent, v. LOUIS H. MOOSER, Jr., et al., Appellants; FLORENCE B. MOOSER, Intervener.

[1] PLEDGE—LEGALITY OF—NONCONSENT OF OWNER.—Persons wrongfully or unlawfully in the possession of personal property cannot make a legal pledge thereof where the owner of such property did not give to anyone authority to pledge or transfer the same and did not at any time allow, permit, consent to, or authorize any person whomsoever to assume the apparent ownership of said personal property for the purpose of making any transfer or disposal of the same.

[2] PROMISSORY NOTE—PLEDGE—INTERVENTION—LACK OF PREJUDICE. In an action against the makers of a promissory note, where the defense is that said note was secured by a pledge of certain personal property and that such property should be sold to satisfy the debt, conceding that the facts do not show a case entitling the owner of such property to intervene in the action, the defendants are not prejudiced by action of the trial court in permitting intervention by such owner, or by the action of the trial court in overruling their demurrer to the complaint in intervention, where the ownership of the property by such intervener is undisputed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Philip S. Ehrlich and Simeon E. Sheffey for Appellants.

John Guthrie Heywood and Frederick L. Berry for Intervener.

LANGDON, P. J.—This appeal is taken by the defendants from a judgment against them in an action upon a promissory note for $1,598, signed by them jointly, payable to Messrs. Dudley and McLean and by them assigned to plaintiff.

The complaint was the usual one to recover upon a promissory note. The answer alleged that at the time of the execution of said note it was secured by a pledge of certain jewels; that the original payees of the note sold said jewels for a sum in excess of the amount of the note and have refused to account to defendants for the sale or to pay over the surplus to defendants; that no notice was given by the pledgees to the pledgor of the time and place of the sale of the pledged property and that the said property was not sold in accordance with the provisions of the law of this state. As a separate defense, defendants alleged the pledge of said jewels and that said jewels were being held by said Dudley and McLean, original payees of the note; that defendants have demanded the sale of said jewels and the application of the proceeds thereof to the payment of the note, but that said Dudley and McLean have refused to comply with said demand; also that defendants have demanded a return of said pledge upon the payment of the amount of the note and have offered to pay the amount of the note with interest upon the return of said pledged property. Defendants pray that the court order the said Dudley and McLean to return said personal property or make a sale thereof in accordance with law and account for the proceeds thereof.

The trial court made an order permitting the filing of a complaint in intervention by Florence B. Mooser. This

complaint alleged that intervener was the owner and entitled
to the possession of the jewels in controversy; that Messrs.
Dudley and McLean and Louis H. Mooser, Jr., and Louis H.
Mooser, Sr., on or about the fourteenth day of July, 1919,
without intervener's consent and wrongfully, came into the
possession of said personal property and took said personal
property from the possession of said intervener; that inter-
vener had never allowed, permitted, or consented to or au-
thorized any person whomsoever to assume the apparent
ownership of said personal property for the purpose of mak-
ing any transfer of any character whatever of said property;
that intervener had demanded of Messrs. Dudley and Mc-
Lean the return of said personal property which had been
refused, and, thereafter, intervener had commenced an action
in claim and delivery in the superior court in and for the
county of Placer, state of California, against said Dudley
and McLean and had recovered possession of said personal
property. A certified copy of said judgment in claim and
delivery was attached to the complaint in intervention. It
was then alleged:

"That intervener is informed and believes and therefore
alleges that it is the intention of the defendants, Louis H.
Mooser, Jr., and Louis H. Mooser, to wrongfully possess
themselves of said personal property unlawfully withhold
and detain the same from the possession of intervener, to her
damage in the sum of $1,600.

"Wherefore, intervener prays that the defendants, and
each of them, take nothing by this action; that your inter-
vener be adjudged to be the owner and entitled to the im-
mediate possession of said personal property."

The trial court found the execution and delivery of the
note; that it had not been paid; that it was not secured by
the pledge of the jewelry mentioned in defendant's answer;
that the intervener was, at all times mentioned in the com-
plaint, ever since has been and now is, the owner of said per-
sonal property; that Messrs. Dudley and McLean and said
defendants Louis H. Mooser, Jr., and Louis H. Mooser, on
or about the fourteenth day of July, 1921, without inter-
vener's consent and wrongfully came into the possession of
said property and took said personal property from the pos-
session of the intervener; that on the twelfth day of July,
1921, said Dudley and McLean still unlawfully held and

detained said property from the possession of the intervener and claimed to hold the same as security for the payment of said promissory note; that intervener did not at any time allow, permit, consent to, or authorize any person whomsoever to assume the apparent ownership of said personal property for the purpose of making any transfer or disposal of the same, and that said intervener did not deposit said property with said Dudley and McLean by way of security for the payment of said promissory note. The facts regarding the recovery of the possession of said property by said intervener are found in accordance with the allegations of the complaint in intervention. It is recited in the findings that up to the time of the filing of the complaint, the defendants Mooser had attempted to wrongfully possess themselves of said property and to withhold the same from intervener.

Judgment was given against the defendants upon the promissory note and the intervener was adjudged to be the owner and entitled to the possession of the jewelry.

Appellant argues two matters upon appeal. The first is that the evidence shows that the property was pledged with Dudley and McLean as security for the payment of the note. Extracts from the testimony are called to our attention. They are entirely without significance so far as a reversal of this judgment is concerned. The most that can be said for the appellants is that an attempt was made by defendants and Messrs. Dudley and McLean to pledge these jewels as security for the payment of the promissory note of the defendants. But their action was void of legal effect, because they had neither title to said property nor control of the same for the purpose of pledge or transfer, nor for any other purpose. Appellants admit in their brief: "It is true and conceded by the appellants that both appellants and respondent knew that the jewels belonged neither to appellant nor respondent. It is also conceded that with reference to the rightful owner of the property that no transaction could be had without her consent that would in any way bind her or affect her rights." It is further stated by appellants in their brief: "Now, it is contended by appellants, since both parties were dealing with the jewels knowing exactly what the facts were, it was within their power to make the payment of the note by appellants dependent upon the use of

the jewels as collateral for the payment of the note or upon any other condition that they saw fit. The jewels belonged to Florence B. Mooser, it is conceded.''

[1] It being conceded that the jewels were the property of the intervener and it being found that she never gave to anyone authority to pledge or transfer the same and that intervener did not at any time allow, permit, consent to, or authorize any person whomsoever to assume the apparent ownership of said personal property for the purpose of making any transfer or disposal of the same, it follows that no legal pledge was ever made of the jewels, and the trial court was correct in its finding upon this question.

There is no evidence or finding to the effect that the parties intended to make the obligation of the note contingent upon the acquiescence of Florence B. Mooser in the attempted pledge of her property. If such had been the case, the taking of the note would have been an entirely idle proceeding, as the money would have been repaid without resort to the note had the proceeds from the sale of the jewels been applied to the loan, and the note would have been unenforceable if the proceeds of the jewels had not been so applied.

[2] The other objection made by the appellant is that the complaint in intervention does not state a case for intervention, and that the demurrer to said complaint, filed by the defendants, should have been sustained. This is because the intervener had possession of the property which she claimed and no judgment depriving her of the possession or title thereto could have been given in an action to which she was not a party. Reliance is placed upon the cases of *Horn* v. *Volcano Water Co. et al.*, 13 Cal. 62 [73 Am. Dec. 569]; *Moran* v. *Bonynge*, 157 Cal. 295 [107 Pac. 312]; *Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101]; *Reay* v. *Butler*, 69 Cal. 572 [11 Pac. 463], and others. Conceding that the facts did not show a case entitling Florence B. Mooser to intervene in the action, we fail to see how the error in this matter was prejudicial to the defendants. The most that could be said is that by the adjudication that the intervener was the owner and entitled to the possession of the jewels, the defendants are precluded from contending with her as to the ownership and right to possession of said property, and that intervener had no right to have that

question settled in the present action. If defendants had any shadow of a claim to the jewels, there might be some merit to their contention and they might be justified in desiring to litigate that question with Florence B. Mooser at some other time and under other circumstances. But in view of their admission that the jewels are the property of Florence B. Mooser, and the undisputed evidence in the record to this effect, there is no cause to reverse the present judgment because it contains a provision establishing this fact judicially against said defendants.

We find no prejudicial error in the record and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 14, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1922.

All the Justices present concurred.