[Civ. No. 182. Fourth Appellate District.—January 21, 1931.]

ANNIE C. COOPER, Respondent, v. J. M. TANNER, Appellant.

Macfarlane, Schaefer, Haun & Mulford for Appellant.

Estudillo and Schwinn for Respondent.

MARKS, J.—Respondent was the owner of an orange grove near the city of Corona in the county of Riverside. She was also the owner of 75½ shares of the capital stock of the Temescal Water Company. This stock was found in the possession of appellant and upon his refusal to deliver it to her, this action was brought to compel the cancellation of certificate number 3725 issued for it, and the issuance of a duplicate by the Water Company. Judgment was entered for respondent, and appellant has prosecuted this appeal.

Appellant presents two grounds upon which he bases his claim for a reversal of the judgment; first, that the water stock in question was not appurtenant to the land owned by respondent, and, second, that "where one of two inno-

cent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer". (Sec. 3543, Civ. Code.)

Under the conclusions which we have reached it makes no difference whether or not the water stock was appurtenant to the land. Therefore, we will assume, without deciding, that the contention of appellant is correct and that the stock was not appurtenant to the land.

The evidence discloses that respondent purchased this stock in 1912. On August 10, 1921, the records of the company show a receipt for it signed by F. P. Cooper, her son, and son-in-law of appellant. It does not appear that respondent ever had possession of the certificate. F. P. Cooper died in 1929, before the trial of this action.

In 1922, F. P. Cooper was indebted to the Long Beach National Bank in the sum of $3,500. He had pledged the water stock, together with other stock belonging to his mother, as security for the loan, without her knowledge or consent. In September of the same year the bank was about to foreclose the pledge. On October 7, 1922, appellant loaned Cooper $3,500 with which to pay the bank and was given possession of certificate number 3725 representing this water stock. This certificate had been issued in the name of Mrs. Anna C. Cooper, admittedly the respondent, although the first name appears to be misspelled. On the back of the certificate was the following indorsement:

"For value received —— hereby sell, assign and transfer unto Long Beach Natl Bank, Long Beach, Cal Shares of the Capital Stock represented by the within Certificate, and do hereby irrevocably constitute and appoint —— to transfer the said Stock on the books of the within named Corporation with full power of substitution in the premises.

"Dated Sept. 13, 1922

"In presence of

"MRS. ANNIE C. COOPER."

The date of the indorsement shows an erasure under the word "Sept." and under the figures "22". The name "Mrs. Annie C. Cooper" was undoubtedly forged on the indorsement, probably by F. P. Cooper. This indorsement was on the certificate at the time it was received by appellant. About November 15, 1922, appellant took the certifi-

cate to the bank and had the following indorsement placed thereon:

"For Value Received we hereby sell, assign and transfer unto Mrs. Annie C. Cooper —— shares of the capital stock represented by the within certificate and do hereby irrevocably constitute and appoint —— to transfer the said stock on the books of the within named corporation with full power of substitution in the premises.

"Dated Nov. 15, 1922.

"Long Beach National Bank,

"Long Beach, Cal.

"By C. R. Davis."

A short time after this transaction, respondent and another son, Reul Cooper, went to Long Beach in search of the stock certificate. F. P. Cooper was at this time in the state of Texas and they knew that he had entrusted appellant with some of his private papers. Respondent told appellant that she had entrusted this certificate to her son F. P. Cooper for safekeeping but that she was now looking for it because it might be necessary for her to renew a loan upon her orange orchard in Riverside County and she would need to use it as further security. Appellant told respondent that he had possession of the certificate and that it was in his safe deposit box in the bank, but, that as it was after banking hours he could not show it to her that day. In this conversation appellant told respondent that F. P. Cooper owed him money and that he was holding the stock certificate for the loan. Respondent replied that he could not hold her stock for her son's indebtedness. Several days later respondent and her son Reul returned to Long Beach and were taken to the safe deposit box and shown the certificate of stock. Respondent and Reul Cooper both testified that the certificate was wrapped in a newspaper with other private papers belonging to F. P. Cooper and was not mingled with the private papers of appellant; that appellant told respondent that these papers had been given to him for safekeeping by F. P. Cooper before he left for Texas. This particular portion of the conversation was denied by appellant but the court found the facts in accordance with the testimony of respondent and Reul Cooper.

Under the circumstances of this case as disclosed by the evidence, the provisions of section 3543 of the Civil

Code do not apply. The face of the certificate of stock showed ownership in respondent. The forged assignment on the back was in favor of the Long Beach National Bank. The assignment by the bank was in favor of respondent. These facts alone are sufficient to have put appellant upon his inquiry before accepting the stock as collateral security, if he did so accept it. In his first conversation with respondent, she asserted ownership of the stock and told him that he could not hold it as security for her son's indebtedness. Notwithstanding these circumstances appellant had continued to advance considerable sums to his son-in-law. He produced a note signed by F. P. Cooper and Helen Cooper, his wife, payable to J. M. Tanner, dated July 1, 1928, in the principal sum of $21,412.31. This note was in the usual form of an ordinary promissory note and not in the form of a pledge or collateral security note. Security was not mentioned therein. It had been taken for various advances made by appellant to F. P. Cooper over a period of years on and after October 7, 1922, the greater part of which had been made after respondent told appellant that she claimed title to the stock.

Under the principles announced in 1 Cal. Jur., pages 734 to 737, and the cases therein cited, appellant has not brought himself within the provisions of section 3543 of the Civil Code. ■ It has been repeatedly held that a pledgee does not acquire a valid lien upon personal property against the true owner where the true owner has not allowed the pledgor to assume the apparent ownership of the pledged property but had only entrusted him with it for safekeeping. (*Shafer* v. *Lacy,* 121 Cal. 574 [54 Pac. 72]; *McLean* v. *Mooser,* 59 Cal. App. 345 [210 Pac. 827]; *E. Bastheim Co.* v. *Schultz,* 46 Cal. App. 24 [188 Pac. 841].) Respondent testified that her son, F. P. Cooper, had the stock certificate for safekeeping, and that when she saw it among his private papers in the possession of appellant she allowed it to remain there believing that it would be safe with him and that her son would return it to her upon his return from Texas. The evidence fails to disclose that respondent clothed her son with any apparent ownership of the stock, and furthermore it shows that appellant had notice that F. P. Cooper had no interest in the stock or in the certificate.

■ Appellant complains of a number of findings of fact made by the trial court. All of these findings against which he directs his attack are unnecessary to support the judgment and may be regarded as surplusage. There are sufficient findings supported by the evidence to support the judgment.

Judgment affirmed.

Barnard, P. J., and Warmer, J., *pro tem.*, concurred.