# THE

# NEW YORK SUPPLEMENT

## VOLUME 150

---

### In re BURKE.

(Supreme Court, Trial and Special Term, Chemung County. November 28, 1914.)

1. MUNICIPAL CORPORATIONS (§ 185*)—REMOVAL OF POLICEMEN—CERTIORARI —ISSUANCE OF WRIT—DISCRETION OF COURT—EVIDENCE.

On an application at Special Term for writ of certiorari to review an order dismissing a policeman from duty for failing to report a violation of the Liquor Tax Law, evidence taken before the commissioners, which was made a part of the application, *held* to authorize the issuance of the writ without an abuse of the discretion of the court.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

2. WITNESSES (§ 367*)—CREDIBILITY—INTEREST—DETECTIVES.

Testimony of witnesses who were employed to detect violations of the Liquor Law is not unbiased.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1184, 1185; Dec. Dig. § 367.*]

3. MUNICIPAL CORPORATIONS (§ 185*)—REMOVAL OF POLICEMEN—CERTIORARI —STAY OF EXECUTION.

The court at Special Term, in granting a writ of certiorari to review a decision of the police commissioners removing a policeman for neglect of duty, will not stay the execution of the decision, the effect of which stay would be to restore the policeman to his rank with full pay, but will leave that question for the determination of the Appellate Division.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Application for certiorari by John Burke against the Police Commissioners of the City of Elmira, and for a stay of execution of the decision of the Police Commissioners pending final hearing. Writ of certiorari issued, and stay denied.

Mortimer L. Sullivan, of Elmira, for petitioner.

Boyd McDowell, of Elmira, for respondents police commissioners of the city of Elmira.

KILEY, J. John Burke, a policeman of the city of Elmira, on the 3d day of October, 1914, was suspended on a charge preferred by his chief. The substance of the charge is that Burke on August 23, 1914,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
150 N.Y.S.—1

which day was Sunday, was present at a hotel known as the Eleventh Ward Hotel in the city of Elmira, and witnessed the violation of the Liquor Tax Law, and did not report the same as required by the rules and regulations of the department. A trial was had and petitioner dismissed from the police force October 31, 1914. This application is made for a writ of certiorari, and for a stay of execution of the judgment of the board of police commissioners. Contrary to the usual course of such proceedings, the respondents were brought in upon motion as provided by section 2128 of the Code of Civil Procedure. Section 2120 of the Code of Procedure provides for the issuing of a writ. The respondents oppose the petitioner's application, not upon the ground that the court is without jurisdiction, but upon the ground that it would be an abuse of discretion to issue the writ and grant the stay asked for by petitioner.

[1] The issue made by the petition and the affidavits of respondents involves an examination of the evidence taken before the commissioners, which evidence was made a part of the papers upon this motion. The questions, the determination of which the petitioner seeks to have reviewed by the Appellate Division, are provided for in subdivisions 4 and 5 of section 2140 of the Code of Civil Procedure. As this is the only way that the determination can be reviewed, it would seem that the writ ought to issue as a matter of course; but the earnestness and honesty of the respondents' counsel upon the argument that such action on the part of the court would be an abuse of discretion compels me to examine and dissect the evidence taken upon the trial. The rights here involved are vital and important, both to the petitioner and the people. If the petitioner has been wronged, and the right to review denied him, there is not anything that will compensate that wrong under the circumstances of this case. If, on the other hand, the petitioner is guilty of the offense charged and justly convicted of the same, he deserves the punishment meted out to him, and such judgment and its force and effect should not be impaired by an abuse of discretion in his favor.

What does the evidence show as bearing upon the question? Who is the petitioner? One of the police force of the city of Elmira, and has been for upwards of 20 years. What is his record up to August 23, 1914? Clean, and so far as this evidence shows never charged with dereliction of duty or conduct, nor with the violation of any regulation or rule of law governing his official action. On October 7, 1914, the trial was had, completed, and evidence closed. The evidence for complainant was given by Campbell, Wheeler, Moss, and Burgett, and was to the effect that Burke was seen by them drinking at the hotel in question on August 23, 1914, between 3:30 and 4:30 p. m., and that others were drinking at the same time and place. None of these four give any evidence worthy of consideration that it occurred after that time. Burke denies that he was there at all on that day, and called eight disinterested witnesses whose evidence tended to show that he was in attendance, at work, at Recreation Park in the city of Elmira, on that day, from about 2 o'clock p. m. until about 5:30 p. m., when the game of ball there being played was finished; that this park is over a mile from the hotel, and could not be reached, even its vicinity, until 5:48 p. m. The petitioner urges that the burden of proof was upon his accusers,

and that his witnesses overwhelmed the complainant; that such a decision could not have been found against him, except by a prejudiced tribunal upon biased testimony.

[2] It appears from the evidence that the four witnesses sworn against the petitioner upon this occasion were employed by the police commissioners to detect violations of the Liquor Tax Law, and he urges that such evidence is from interested witnesses, and should not be given the credence that obtains in the case of a disinterested witness. Respondents proclaim under oath their absolute neutrality, with lack of interest always present. This delicate question I am not called upon to decide. . As to the interest of the witnesses, I must consider upon the question of abuse of discretion. Evidence, the production of which is the result of trade and barter, is never unbiased. This characteristic is not confined to the common informer, but extends over a wide area of endeavor, expert and otherwise. These soldiers of fortune in this particular line of investigation seem to have become a despicable necessity in our rapid and somewhat erratic development. The necessity does not always change the character, however. It does not follow that such evidence is always, or even often, false; but in deciding whether an abuse of discretion is had when a writ is granted upon facts and circumstances, as disclosed in this record, it must be considered. I am not unaware that the Appellate Division may take into consideration the additional light thrown upon evidence by the attitude, actions, and appearance of the witnesses in person before the tribunal hearing the same. · It is not, however, a consideration to be acted upon in deciding the questions here presented. ·

On October 24, 1914, the hearing was reopened, and one witness, one Charles Cordier, was sworn for the complainants. It was sought by this witness to fix the time when Burke was at the hotel as between 5:30 and 5:45 p. m., August 23, 1914. His evidence shows that he does not remember the time as an independent fact, and on the whole does not aid respondents upon the only question now being considered, viz.: Is it an abuse of discretion to grant this writ? I feel it is my duty to grant the writ, and under the circumstances disclosed here it would be an abuse of discretion to refuse it.

[3] We now come to the proposition: Shall a stay be granted? I understand that a stay of execution of the decision of the commissioners has the effect of restoring petitioner to his former rank with pay from time of his suspension. In effect that would be a decision that the tribunal erred in the judgment it reached when it made such decision. I have not reached any such conclusion. In discussing the first proposition, namely, Should a writ issue? we had to do only with evidence of witnesses. This has to do with a decision of the trial court, so to speak. That comes before the Appellate Division, and if that court reverses the finding of the respondents, petitioner will then get the relief he asks for here. No one should countenance the violation of law or the omission to declare such violation when duty demands it. Not even a suspicion that the safeguards of the people against such violation is not respected should by any act be permitted. Doubtless, by strictly adhering to this principle, hardship will be worked toward some innocent people, but better that than that the lawless element of a community

should find courage in judicial action, that one provision of law may be ignored while another and different provision shall be enforced. It must be assumed that the board of police commissioners discharged its duty as it saw it, and the Appellate Division is the proper tribunal to review its acts. I am in accord with the reasoning as laid down in People ex rel. Croker v. Sturgis, 39 Misc. Rep. 448, also reported in 80 N. Y. Supp. 194.

The writ may issue. The stay is denied, except, if necessary, further action by the board of police commissioners may be stayed until the final determination of the Appellate Division, and in no event shall such stay be construed to effect the restoration of petitioner to duty or salary.