CLARENCE F. DURRWACHTER, HARRY GUTTFLEISH, ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF FAIR LAWN, DEFENDANT.

Argued November 10, 1947—Decided November 18, 1947.

Before Justice BODINE (at chambers).

For the prosecutors, *Maurice D. Emont*.

For the defendant, *John A. Christie*.

BODINE, J.  The Borough of Fair Lawn has enjoyed a phenomenal growth.  It adopted ordinance No. 340 extending an existing business zone on River Road southerly for a distance of some 800 feet, with a depth of 100 feet on each side of the road.  River Road is a main north and south highway running from Route 4 northerly through the borough to the Wright Aeronautical factory and connects with Lincoln Avenue, Hawthorne.  In this area, from time to time, many exceptions have been granted for business uses because of undue hardship.

The prosecutors own residences, and one of them did till he sold, abutting upon part of the new business zone, but in this extended zone there are already stores, offices, a restaurant, two service stations, a hardware store and a few homes.

The proofs show that the traffic is heavy and that the location is not suitable for residence purposes since no homes have been built in the area for the last 18 years.  The property has a value of $140 a front foot, so that a 50 foot lot would cost $7,000, and, in the opinion of the only expert called, too costly for the construction of single family houses of the sort now in demand.

The prosecutors confine their attack on the ordinance, in so far as it affects the lot on the southeasterly corner of Berdan Avenue and River Road.  The lot in question is owned

by Harrison Vogel and his wife. The two story house which was once upon the property has been removed. It should be remembered that on the two opposite corners there are automobile service stations and on the third a restaurant. Had the business zone area not been extended, the Vogels would have had a case which might well have resulted in an exception because of the hardship to them in not being able to make a use of their property.

It is first argued that the ordinance is arbitrary, unreasonable and capricious and not in the public interest. If the fact was as the prosecutors argue that the ordinance extends the business zone to Berdan Avenue and then takes a bite off a corner the point might be well taken, but the ordinance does not do this. It extends the business zone to include lands which had already become business properties by granting of exceptions. Immediately across from the former Vogel residence and to the north of Berdan Avenue was a service station and a hardware store.

It seems that the existing conditions justified the action of the council. The industry of counsel has found no case where legislative action can be challenged piecemeal. The presumption of reasonableness of the action of the council in enacting an ordinance has not been met. The action of the council was merely following out the action of the Board of Adjustment and the Planning Board and it had jurisdiction to rezone under *R. S.* 40 :55–35.

The requirement for rezoning is that it be adopted by a favorable vote of three-fourths of all the members of the governing body if challenged by a sufficient number of lot owners in the vicinity affected. There are six members of the council. One was absent and there were four votes in the affirmative and one in the negative. None of the property owners of the lots generally affected by the change challenged the action save the three who were lot owners on a side street in the rear of the Vogel lot. I do not think that they can argue that the ordinance was not properly adopted. Certainly they were not 20 per cent. of the lot owners in the rear on both sides of the 800 feet involved in the rezoning of River Road.

The writ will be dismissed, with costs.