69 N.J. Super. 309 (1961)
174 A.2d 276
JOSEPH RUSNAK, ET AL., PLAINTIFFS,
v.
TOWNSHIP OF WOODBRIDGE, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 27, 1961.
*310 Mr. Edward J. Dolan, attorney for plaintiffs.
Messrs. Platoff, Platoff & Heftler, attorneys for defendants S. Klein Department Stores, Inc., and Monroe Estates, Inc.
Mr. Stewart M. Huff, attorney for all other defendants.
THOMPSON, J.C.C. (temporarily assigned).
This is an action in lieu of prerogative writs brought by residents, officials and former officials of the Township of Woodbridge seeking to set aside the passage of a zoning amendment by the governing body of the township on the ground that such passage was contrary to the requirements of N.J.S.A. 40:55-35. The matter comes before the court via cross-motions for summary judgment on behalf of plaintiffs and defendants. The essential facts pertinent to the issue presented here for determination have been agreed upon through stipulation by all the parties to this suit. There being no substantial question as to a material fact, the court is requested to decide this case as a matter of law in relation to the applicable facts.
On or about January 2, 1958 the defendant Township Committee of the Township of Woodbridge contracted with Community Planning Associates, Inc. for a study and survey of existing zoning in the township and for recommendations of changes and revisions in the existing zoning ordinance thereof. Pursuant to this contract, Community Planning Associates, Inc. made such a study and survey and submitted recommendations for revision to the defendant municipal planning board of the township. Included among the many suggestions made was a recommendation that the property owned by the defendant Monroe Estates, Inc. be classified part of *311 a highway business zone to a depth of 1,250 feet from Route No. 25 and U.S. No. 1.
On August 30, 1960 the recommendations formulated by Community Planning Associates, Inc. were given final consideration by the municipal planning board, and a proposed zoning ordinance amendment embodying most of these suggestions was favorably reported by the board. On September 6, 1960 the proposed amended ordinance was introduced and passed at first reading, by reference to title only, by defendant township committee and ordered to be printed. The amended ordinance was duly published and notice of a public hearing thereon set down for September 20, 1960 was duly given.
On the evening of September 20, 1960, prior to consideration and final passage of the proposed amendment, a written and signed petition was presented to the governing body limited to protesting the proposed change of the subject tract to a highway business zone use. The signatories are plaintiffs to this action. The protestants who executed said petition constitute the owners of in excess of 20% of the area of the lots or lands directly opposite the premises owned by the defendant Monroe Estates, Inc., extending 100 feet (exclusive of street space) from the Ford Avenue frontage thereof. Said protestants constitute the owners of in excess of 20% of the area of the lots or lands directly opposite the subject premises extending 100 feet (exclusive of street space) from the Ford Avenue frontage (westerly frontage) thereof plus the Garden State Parkway (easterly) frontage thereof. However, said persons make up the owners of less than 20% of the area of the lots or lands surrounding the premises owned by defendant Monroe Estates, Inc. extending 100 feet (exclusive of street space) therefrom. They also constitute the owners of less than 20% either of the area of all the lots or lands throughout the Township of Woodbridge, the zoning of which was changed by the amendment, or the lots or lands in the rear thereof extending 100 feet therefrom, or of the lots or lands of each side thereof or directly *312 opposite thereto extending 100 feet (exclusive of street space) therefrom. They are also the owners of less than 20% of the area of all of the lots or lands throughout the Township of Woodbridge the zoning of which was changed to a highway business zone, or of the lots or lands in the rear thereof extending 100 feet therefrom, or of the lots or lands on either side thereof or directly opposite thereto extending 100 feet (exclusive of street space) therefrom.
On September 20, 1960 the township committee adopted the amending zoning ordinance by a vote of six in the affirmative and five in the negative. Individual protested changes or amendments to the former zoning ordinance contained in the proposed zoning amendment were not discussed or voted on separately, but the proposed ordinance was voted on as a whole. The amendment made several substantial zoning changes in the pre-existing zoning ordinance, including alterations in the zone use map, all of which affected many lots and lands throughout the township in addition to the premises owned by defendant Monroe Estates, Inc.
The end result of this case turns upon judicial interpretation of the second paragraph of N.J.S.A. 40:55-35, which governs the effect of land-owner-protests on the requirements for valid adoption of zoning amendments. The statute in full reads as follows:
"Such regulations, limitations and restrictions may be amended, changed, modified, or repealed, and the boundaries of such districts may be changed by ordinance, but no amendment or change shall become effective unless the ordinance proposing such amendment or change shall first have been submitted to the planning board, when such board exists, for approval, disapproval or suggestions, and the planning board shall have a reasonable time, not less than thirty days, for consideration and report, and in the case of an unfavorable report by the planning board such amendment shall not become effective except by a favorable vote of two-thirds of the governing body.
In case of a protest against such proposed change signed by the owners of twenty per centum (20%) or more either of the area of the lots or land included in such proposed change, or of the lots or land in the rear thereof extending 100 feet therefrom, or of the lots *313 or land on either side thereof or directly opposite thereto extending 100 feet therefrom (exclusive of street space), such change shall not become effective except by the favorable vote of two-thirds of all the members of the governing body or board of public works of such municipality."
The parties in this case dispute what quantum of property must be included in computing the protest area within the intendment of N.J.S.A. 40:55-35, second paragraph. Plaintiffs contend that the area of computation need only encompass land in the rear extending 100 feet therefrom or on either side or directly opposite the tract owned by Monroe Estates, Inc. extending 100 feet therefrom (exclusive of street space). Plaintiffs also wish to treat this single tract as one, distinct zoning district. It is conceded that should neither construction be adopted by this court, defendants would prevail because these owners would not then equal a percentage sufficient to require a two-thirds vote for valid passage of an amendment.
Defendants take the position that the amendment of September 20, 1960 was tantamount to an entirely new ordinance effecting changes in many areas, and that under such circumstances the petitioners must constitute owners of at least 20% either of the lots or land throughout the entire township, the zoning of which was altered by the whole amendment, or at least all the land the zoning of which was changed to highway business (or of the lots or land in the rear thereof extending 100 feet therefrom, or on either side thereof extending 100 feet therefrom exclusive of street space).
There being no New Jersey cases directly in point, the court must look to the law in other jurisdictions having similar statutory requirements for the passage of an amendatory ordinance. Referring to cases decided elsewhere, similar provisions have at different times been construed with respect to the sufficiency of protests against zoning modifications and amendments; but because of varying facts and circumstances, it is most difficult to evolve a general rule of construction. *314 101 C.J.S. Zoning § 114, p. 872 (1958) states the following to be the rule:
"Where numerous changes affecting different districts are made by different sections of an amendatory regulation, each of these separate sections should be considered as though it had been separately enacted with respect to the right of protest of property owners of a certain per cent of the area of land included in the proposed change; and in such case it may not be urged that, since the regulation is comprehensive and city-wide, protests are required from the prescribed percent of the area of the land in all of the districts affected by any provision of the amendment."
Cited as authority for the rule delineated above is 431 Fifth Ave. Corporation v. City of New York, 270 App. Div. 241, 59 N.Y.S.2d 25 (App. Div. 1944), affirmed 296 N.Y. 588, 68 N.E.2d 877 (Ct. App. 1945).
Comparison and analysis of the New York cases most nearly in point indicate that at times the courts in New York tend to construe a provision permitting protests "by owners of twenty per centum or more of the area of the land included in such proposed change" as applying to protests against the adoption of a broad, comprehensive amendment while limiting the application of provisions referring to protest by owners of land adjacent or opposite to that affected by the proposed change to alterations affecting single properties or blocks, i.e., piecemeal changes rather than changes affecting areas as a whole. 431 Fifth Ave. Corporation v. City of New York, supra; Hoelzer v. Incorporated Village of New Hyde Park, 4 Misc.2d 96, 150 N.Y.S.2d 765 (Sup. Ct. 1956).
Implicit in the cases found in other jurisdictions is the rule that in computing the protest area the measure is not the land throughout an entire city or township but the area affected by any separable change. Not only must the areas affected be separable, but also the changes wrought by the amendment must not be inseparably related to each other. They must be able to be considered separate sections separately enacted. Property not affected by a separable change *315 should be excluded from the computation for there would be no reason for such owners to object.
This rule of construction strikes a balance between the common good and public interest in zoning, and the legitimate private interest of property owners adversely affected by a proposed change. It is a practical rule applicable to varied sets of circumstances and one which prevents the right of protest provided for by the statute from becoming illusory merely by the enactment of a comprehensive amendment.
However broad in its application or however modified in its implementation the rule set forth above will ultimately be held to be in this State, it is clear that as a bare minimum, under the facts of this case, the entire district rezoned highway business of which the Monroe tract is a part must be deemed the measure rather than individual blocks or lots within that district. To hold otherwise would be to permit one lot or block (or its surrounding area) to control the passage of an amendment relating to an entire district. As noted by the court in Morrill Realty Corporation v. Rayon Holding Corp., 254 N.Y. 268, 172 N.E. 494 (Ct. App. 1930), the application of such a principle might result in districts scattered about in checkerboard fashion and require the governing body to proceed by separate resolution to zone block by block or lot by lot. Agreeing with the reasoning of the court in the Morrill case, supra, and applying it to our statute, this court feels that "the Legislature never intended thus to limit the powers of the board; that, on the contrary, it was the legislative intent that the board should have power to redistrict substantial and unrestricted areas, so that a proper readjustment of the district lines as originally laid down by it might be achieved." (172 N.E., at page 499)
In Durrwachter v. Fair Lawn, 136 N.J.L. 314 (Sup. Ct. 1947), the court indicated that property "generally affected by the change" is the test, not one block or lot within the area so altered. This view was expressed even though the amendment in that case was minor in scope. Certainly, *316 then, it would be unreasonable to permit a comparatively small parcel to control passage of an amendment as comprehensive as the one in the case sub judice.
A ruling as to the validity of the distinction between protest permitted owners of land included in the proposed change and protest permitted owners of land adjacent or opposite thereto, suggested in some out-of-state decisions, is unnecessary to this case. Taking a view least onerous to plaintiffs, i.e., that all such provisions apply uniformly to any amendment comprehensive or otherwise, plaintiffs still cannot prevail.
Plaintiffs further urge that the "Ford Avenue Tract" owned by defendant Monroe Estates is so situated as to demand treatment as a single district zoned highway business, apart from the entire area so zoned extending from this tract to the township line. Referring to the map annexed to the formal stipulation of the parties, we find that the property in question is separated from Route No. 25 and U.S. No. 1 by a rather broad strip of land currently utilized by the Public Service Electric and Gas Co. as a right of way for high tension wires. This strip parallels the highway for quite some distance beyond the area in dispute. Immediately to the east of the premises is the Garden State Parkway, a limited access highway with no exit adjacent to the property. In a southerly direction is land owned by the board of education whereon stands a public school. However, part of the "Ford Avenue Tract" has been zoned strictly residential providing a buffer zone between the school and any commercial use to which the remainder of the premises might conceivably be put. To the west is Ford Avenue.
Although the Monroe tract does possess certain unique positional characteristics in relation to the surrounding area, the proofs, especially the township zoning map, unmistakably indicate a legislative intent to incorporate the premises within the larger area zoned highway business. Furthermore, in attacking the propriety of this classification, *317 plaintiffs have the burden of demonstrating clearly that it is arbitrary or unreasonable and incompatible with the furtherance of a legitimate comprehensive plan. Ward v. Montgomery Tp., 28 N.J. 529 (1959). The amendment is attended with a presumption of validity. Since the suitability or correctness of the classification is at best only debatable, the court is prohibited from interfering with legislative judgment. Kozesnik v. Montgomery Twp., 24 N.J. 154 (1957). Therefore, this court finds that the "Ford Avenue Tract" was intended to be included as part of the extensive area in this part of the township rezoned highway business and that under the present facts the legislative determination to this effect by the governing body must be upheld.
Plaintiffs have failed to show that a sufficient percentage of owners, in relation to the minimum affected area of computation, protested the adoption of this amendatory ordinance within the meaning of N.J.S.A. 40:55-35. The passage of the amendment by less than a favorable vote of two-thirds of the governing body was valid and effective. Accordingly, the motion for summary judgment on behalf of defendants is hereby granted, the action will be dismissed and plaintiffs' cross-motion for summary judgment is denied.
An appropriate order may be submitted.